369 So.2d 267 (1979)
Mrs. Calvin J. PEPITONE et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al.
No. 9939.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
*268 Jerome Friedman, Metairie, for plaintiffs-appellants.
Dillon & Cambre, Gerard M. Dillon, New Orleans, for defendant, Fireman's Fund Insurance Co.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., New Orleans, for defendant-appellee, Allstate Insurance Co.
Before REDMANN, LEMMON and GARRISON, JJ.
*269 LEMMON, Judge.
This is a wrongful death action filed by the widow and children of Calvin Pepitone. Plaintiffs have appealed from summary judgments dismissing two of the defendants prior to trial.
Facts
Pepitone was fatally injured in an automobile accident at the intersection of Kent and Camphor streets in Jefferson Parish. The automobile he was driving in a northerly direction on Kent was struck by two cars, one eastbound and one westbound on Camphor. Both streets were two-way, two-lane local streets in a residential neighborhood, and there were stop signs at the intersection controlling traffic on Kent. The stop sign on the southeast corner, however, was completely obscured from the view of northbound motorists by trees, shrubs and foliage.
Pepitone was employed as an electrical inspector in the Jefferson Parish Department of Safety, and the accident occurred during his usual working hours.
Plaintiffs sued the Parish of Jefferson, its Traffic Engineer, its Director of the Department of Roads and Bridges, and their general liability insurer; the owner of the property at the southeast corner of the intersection and her homeowner's insurer; and the drivers of the other two vehicles.[1] They alleged that the obstructing trees and shrubs were located on the street right of way owned by the parish or on the private property owned by the homeowner. The homeowner's insurer and the parish's insurer filed separate motions for summary judgment, which were both granted, and those judgments are the subject of this appeal.
Judgment Dismissing Homeowner's Insurer
This insurer's motion for summary judgment was based on the assertion that the obstructing trees and shrubs were not located on its insured's property and that its insured therefore had no duty to trim or remove them. In support of its motion the insurer filed a survey which shows that the trees and shrubs were located within the street right of way, between the surfaced roadway and the homeowner's property line. Plaintiffs did not file a countervailing survey, but did file four photographs and a copy of the investigating officer's sketch of the area, none of which showed the location of the obstructing trees and shrubs in relation to the homeowner's property line.
On the basis of the foregoing there is no genuine issue as to the material fact that the trees and shrubs were not located on the homeowner's property. The question, therefore, is whether the insurer is entitled to judgment as a matter of law.
The owner of property abutting the right of way of a public street has no duty to motorists using the street to trim or remove trees and shrubs growing on the right of way which may obstruct traffic signs and controls. The duties imposed on a person because of his owning or occupying land generally do not include responsibility for objects which are not located on the person's property. Furthermore, the liability imposed on a person by C.C. art. 2317 for "damage occasioned by . . . things which we have in our custody" does not extend to damage caused by things located on adjoining property when there are no other circumstances indicating custody or control of the thing.
Accordingly, the summary judgment dismissing the landowner's insurer was properly granted.
Judgment Dismissing Parish's Insurer
Plaintiffs' claim against this insurer raises many factual and legal issues. However, we need not determine whether there is a genuine factual issue of whether the accident occurred in the course of Pepitone's employment and arose out of it, or whether as a matter of law an employee of one department of a parish is barred by the exclusivity of remedy provision of R.S. 23:1032 from asserting a claim against another *270 department of the parish or its employees, or against the parish's department heads as executive officers. Even if these issues were conceded favorably to plaintiffs, the summary judgment must be affirmed on a basic determination of duty and causation.
When a parish undertakes control of intersecting roads or streets by installation of signs or mechanical devices, the parish (whether or not it initially had a duty to erect and maintain signs or devices) thereafter has the duty to maintain the signs or devices so as not to cause traps or undue dangers to motorists using these roads and streets. Lochbaum v. Bowman, 353 So.2d 379 (La.App. 4th Cir. 1977). In this respect plaintiffs contend that the failure of the parish and its named employees to maintain an unobstructed view of the stop sign created a trap for northbound motorists approaching the intersection.
The critical issue is whether, under the undisputed facts of this case, the intersection with an obstructed sign constituted a trap, as a matter of law, to the motorist who approached the intersection on the unfavored street.
If the parish by its inaction caused the sign to become and to remain obstructed, the resulting obstruction at most can be regarded as leading (or trapping) a northbound motorist into believing that there is no stop sign and therefore that the intersection is uncontrolled, in the absence of other factors which might indicate the street on which the motorist is traveling is the favored street. The duty of a motorist who approaches an uncontrolled intersection with a street of equal dignity is to determine that he can make the crossing safely before proceeding into the intersection.[2]Soniat v. State Farm Mut. Auto. Ins. Co., 340 So.2d 1097 (La.App. 4th Cir. 1976); Gutelius v. Phoenix Ins. Co., 266 So.2d 717 (La.App. 4th Cir. 1972). Therefore, when two cars approach an uncontrolled intersection of local neighborhood streets, neither motorist can reasonably believe he has an unqualified right of way. Accordingly, a motorist approaching an intersection, who actually does not have the right of way, but who is led to believe the intersection is uncontrolled, cannot reasonably be said to have been trapped or deluded into the belief that he had an unqualified right of way.
On the basis of this analysis we hold that an obstructed stop sign at an intersection of local neighborhood streets of equal dignity does not, as a matter of law, constitute a trap to motorists approaching the intersection on the unfavored street.
From the standpoint of causation in the present case any failure by the parish to trim or remove trees and shrubs obstructing the stop sign could not have caused Pepitone to assume that he had the right of way and trapped him into entering the intersection without first ascertaining that it was safe to do so.[3] Accordingly, neither the parish nor its named officers were guilty of any breach of a legal duty which caused damage to plaintiffs, and this insurer was also properly dismissed by summary judgment.
AFFIRMED.
NOTES
[1] Only the insurers were served.
[2] Stated otherwise, a motorist approaching an uncontrolled intersection must proceed as if there were yield signs controlling traffic in all directions, and the so-called directional right of way does not convert one street into a superior one, but merely determines which vehicle shall proceed first after proper precautions are observed.
[3] Arguably, the failure to remove the obstruction was a cause-in-fact of the accident, since if the sign had been visible the chances are that Pepitone would have stopped. Nevertheless, not every act or omission constituting a cause-in-fact gives rise to liability, and the crucial question was whether the defendant was under a legal duty to protect against the particular risk involved.

Here, the defendant was under a legal duty not to trap a motorist on an unfavored street into believing he had the right of way. The defendant was not under a legal duty to warn a motorist approaching every intersection which was (or appeared to be) uncontrolled that he could not enter the intersection without first ascertaining that it was safe to do so, since a motorist approaching an uncontrolled intersection should know that he cannot enter without first ascertaining that it is safe to do so.