410 So.2d 258 (1982)
Cynthia Bordelon SIERRA-MELENDEZ
v.
Senora Brown, wife of/and Dalton BROWN, Department of Highways of State of La., the Parish of Jefferson of State of La., through its Department of Roads and Bridges, Rita M. LeBlanc, wife of/and Lloyd J. LeBlanc, & Jenny Crabtree, wife of/and Amos H. Crabtree.
No. 12244.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1982.
*259 Frank Bruno, Jerry J. Blouin, Bruno, Bruno & Blouin, New Orleans, for plaintiff-appellant.
Gerard M. Dillon and Georges M. Legrand, Dillon & Cambre, New Orleans, for defendant-appellee.
George P. Hebbler, Jr. and Emile L. Turner, Jr., Turner & Young, New Orleans, for defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
Plaintiff, Cynthia Bordelon Sierra-Melendez, (hereafter Sierra-Melendez) sued the Parish of Jefferson; the Department of Transportation, State of Louisiana; Lloyd and Rita LeBlanc; Jenny and Amos Crabtree and Walton and Senora Brown for personal injuries arising out of a collision between an automobile being operated by plaintiff and one being operated by Senora Brown, which occurred on September 28, 1978 at the intersection of Randolph Street and Ames Boulevard, in Marrero, Parish of Jefferson. The intersection where the collision occurred is a "T-Intersection" at which the western tip of Randolph Street running east to west and forming the leg of the "T" intersects Ames Boulevard which runs north and south.
The crux of plaintiff's alleged cause of action is stated in Paragraph VI of the original petition and Paragraph IV of the amended petition which read as follows:

VI. (Original Petition)
Immediately prior to this collision, which occurred at a time of day close to total darkness, defendant Senora Brown was traveling at a high rate of speed, without her lights on, in the far right lane of Ames Boulevard, and proceeding in a northerly direction. Defendants Rita M. LeBlanc, wife of/and Lloyd J. LeBlanc maintain a fence on their property at the corner of Randolph Street and Ames Boulevard, and they as well as defendants Jenny Crabtree, wife of/and Amos H. Crabtree have bushes, trees and shrubs growing out of, or near their backyards, which obscured the vision of petitioner as she looked to the left down Ames Boulevard to see oncoming traffic. The Department of Highways of the State of Louisiana, and the Parish of Jefferson of the State of Louisiana, through its Department of Roads and Bridges, failed to properly maintain, trim, or remove these trees, bushes and shrubs in such a manner as to allow motorists turning onto Ames Boulevard from Randolph Street a clear and unimpeded view of northbound traffic on Ames Boulevard.

*260 IV. (Amended Petition)
When petitioner arrived at the intersection of Ames Boulevard and Randolph Street she stopped in obedience to a stop sign controlling traffic on the inferior street, Randolph Street, said stop sign being located several feet before the intersection of Ames Boulevard and Randolph Street, and looking to her left and right saw that her view of Ames Boulevard to her left was blocked by bushes, trees and shrubs growing at the left of the intersection and totally blocking her view of traffic travelling down Ames Boulevard to her left. Petitioner, finding herself unable to safely proceed into the intersection, edged forward cautiously, attempting to view traffic on Ames Boulevard, blocked now not only by trees and shrubbery growing in such manner as to continue to block the view, and further, but also by another tree down Ames Boulevard which blocked her view yet further. As petitioner cautiously edged further into the intersection attempting to gain a view of traffic on Ames Boulevard to her left allowing her to proceed safely into the traffic, now found herself in a position of peril from which she could not extricate herself. Plaintiff avers that she was proceeding with extreme caution due to the circumstances, being caused apprehension for her safety and that of her guest passenger, her mother.
After showing it had no maintenance obligation at the intersection, the Department of Transportation was dismissed from the suit on a motion for summary judgment. An exception of no cause of action filed by the Parish directed towards the petition as amended, i.e., containing the above quoted allegation IV, was denied. Thereafter, the Parish of Jefferson and the LeBlancs filed a motion for a summary judgment. Depositions taken of the plaintiff and her mother were filed in the record in support of the motion for summary judgment. The movers in the dismissal motions contended that under the facts shown the plaintiff was contributorily negligent and, hence, as a matter of law could not recover from them. After a hearing, without assigning written reasons, the trial judge granted the motion for summary judgment, thus dismissing the Parish and the LeBlancs from the action. Plaintiff appealed.
The legal issues involved here are the same as that involved in Pepitone v. State Farm Mutual Insurance Co., 369 So.2d 267 (La.App., 4th Cir. 1979), writ denied La., 371 So.2d 1343, and in Clements v. Allstate Insurance Company, 383 So.2d 1375 (La. App., 4th Cir. 1980), writ refused La., 385 So.2d 793. However, the facts upon which the trial judge predicated his dismissal here are different from the facts of both of these cases. In Pepitone, supra, the landowner was dismissed from the action because the facts showed no obstructions were on or emanated from the landowners' property. Since the landowners had no duty to remove obstructions located within the road right of way, he was, as a matter of law, entitled to be summarily dismissed from the suit. As to the Parish, the critical issue was whether under the undisputed facts of the case the intersection with an obstructed sign, as a matter of law, constituted a trap to the motorist who approached the intersection on the unfavored street. After an analysis of the existing jurisprudence, this court held that an obstructed stop sign at a neighborhood intersection of two streets of equal dignity did not as a matter of law constitute a trap and, hence, summarily dismissed the Parish from the suit. The court's ruling was predicated on the conclusion the Parish did not have a duty to warn a motorist approaching every intersection which was or appeared (due to an obstructed stop sign) to be an uncontrolled intersection that he could not enter the intersection without first ascertaining that it was safe to do so. Thus, the factual issue involved in Pepitone was the obstruction of the stop sign, not the view of the traffic flow at the intersection.
In Clements, supra, this court reversed two previous jury decisions. In doing so, it stated the basis for the reversal was an error of law rather than one of fact because the jury failed to apply the standard of care required of a motorist entering the favored *261 street from an unfavored street. The plaintiff in Clements was operating his vehicle on the favored street. The question on liability, however, turned on whether the motorist on the unfavored street did that which he was required to do before entering the intersection. Upon reaching the stop sign at the intersection with the favored street, the motorist brought his vehicle to a stop abreast of the stop sign. At that point, his view of the traffic flowing on the favored street was obstructed by vehicles parked on the side of the favored street. Hence, before entering the intersection, he got out of his car, walked into the intersection, looked for oncoming traffic and seeing none, returned to his car and proceeded at a crawl into the favored street. Under those facts, this court held that the motorist's failure to move his car to the point in the intersection where it could be protected by the parked cars on the favored street and then stop and look before proceeding into the favored street was a breach of his duty to exercise due care in entering the intersection from the unfavored street into the favored street. Thus, the factual issue involved was the manner in which the motorist entered the favored street upon being confronted with an obstruction of view at the intersection.
Although the legal issues in Pepitone arose on a motion for a summary judgment and the legal issues in Clements arose after a trial on the merits, in neither case was there a factual issue as to the nature, extent and/or location of the obstructions at the intersection or as to the method in which the motorist on the unfavored street proceeded into the favored street. The relevant facts in both cases were undisputed. The legal issue in both cases turned on the facts because neither the bordering landowners or the Parish are liable strictly because the intersection has obstructions which block the view of the traffic flow on the favored street. Likewise, the motorist using the intersection is not liable or contributorily negligent strictly because he is entering a favored street from an unfavored street.
Barring a specific governmental statutory or regulatory provision against the utilization of their property in the manner utilized, the landowner bordering the public road right of way owes no duty to the motorist using the roadway. The governmental agency, however, charged with the design and maintenance obligation of the roadway, owes a duty to the motorist that the roads will be reasonably safe for use by a motorist exercising due care. Wilson v. State of Louisiana, 364 So.2d 1313 (La.App., 3rd Cir. 1979). Whether the motorist exercised due care or whether the conditions of the highway (including obstructions at an intersection) is actually dangerous and hazardous to a prudent motorist is factual. Besnard v. Department of Highways, 381 So.2d 1303 (La.App., 4th Cir. 1980); Oliver, et al. v. Parish of Jefferson, et al., 408 So.2d 275 (4th Cir. 1981).
The legal issue in the present case must also turn on the factual issues, for there is no strict liability on the part of the landowners or the Parish, nor is the plaintiff-motorist contributorily negligent strictly because he knowingly moved from an unfavored street into a favored street. Crucial to a decision on the legal issues are the facts as to the nature, extent or location of the obstructions at the intersection as well as the facts as to the manner in which the plaintiff-motorist moved from the unfavored street into the favored street. Only after these are known can it be determined whether the collision would not have occurred "but for" the obstruction or "but for" the lack of due care by the motorist or "but for" the obstruction and lack of due care.
The petition here alleged the intersection was obstructed by trees, bushes and shrubs growing at the intersection without specifying whether the trees, bushes or shrubs were located on the public right of way or on the landowners' property. In her deposition the plaintiff stated the obstruction at the intersection was caused by trees, grass, signs, bushes and a fence. Further, she stated that she stopped at the stop sign in the intersection, and then stopped and *262 creeped into the intersection at a slow rate of speed. On reaching a point past the stop sign, where the front of her car protruded into the roadway, and she had cleared the corner, she again came to a stop and at that point she could see up the favored street (Ames Blvd.) only three houses down, because a tree located at that point blocked her vision. Upon reaching a point midway into the intersection, she could see lights about a mile up the intersection, but denies ever seeing the vehicle which struck her. The plaintiff's mother stated in her deposition that her daughter stopped several times while creeping out into the intersection. After her vehicle was out in the intersection, she could see the lights of a car about four blocks away. She denies this was the same car which collided into the vehicle in which she was riding.
There is a conflict in the statements of the mother and of the daughter as to the distance between the landowners' apparent property line and the edge of the pavement. Further, although it is apparent there are obstructions at the intersection, the testimony of the plaintiff and her mother contained in the deposition is not sufficient for us to determine the cause of the collision. From the meager facts presented we cannot determine which, if any, of the obstructions at the intersection were the cause in fact of the accident or if the accident was caused in fact by or contributed to by the manner in which the plaintiff-motorist moved from the unfavored street into the favored street. There is, therefore, still a genuine issue of material facts; hence, the Parish and the LeBlancs are not entitled to be summarily dismissed from the suit.
Accordingly, the ruling of the trial court is reversed. All costs of the appeal to be borne by the movers in the summary rule.
REVERSED.