429 So.2d 463 (1983)
Tom Ray BROWN and Gwendolyn Jackson
v.
Beth MERZ and Cheryl Merz and Cumis Insurance Society, Inc.
Beth MERZ and Cheryl Merz
v.
CITY OF NEW ORLEANS.
Nos. 13177, 13178.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Rehearing Denied April 27, 1983.[*]
*464 Charles F. Gay, Jr., Martzell, Montero & Lamothe, New Orleans, for plaintiff-appellee.
Salvador Anzelmo, George R. Simno, III, Charles J. Willoughby, New Orleans, for defendant-appellant.
Robert E. Kerrigan, Jr., Philip D. Lorio, III, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee.
Alma L. Chasez, Metairie, for intervenor.
Before SCHOTT, AUGUSTINE and LOBRANO, JJ.
AUGUSTINE, Judge.
This suit for personal injury arises from an automobile collision at the intersection of Third and Magazine Streets in the City of New Orleans. That intersection is controlled by a stop sign which faces motorists who travel riverbound on Third Street, but there is uncontradicted evidence that at the time of the accident, the sign was at least partially obscured by a crepe myrtle tree.
The accident occurred just after midnight on July 23, 1981 as Beth Merz and Debbie McCloskey were returning to McCloskey's house in the 700 block of Second Street. They had just been to the lakefront, and so the natural route home required Merz to drive riverbound on Third Street from St. Charles Avenue. Coming upon the intersection of Third Street and Magazine, Merz failed to heed the stop sign and proceeded into the uptown-bound lane of Magazine Street, where her car was struck broadside by an automobile driven by Tom Ray Brown.
As a result of the collision, Brown, Gwendolyn Jackson (Brown's guest passenger), and Merz suffered the injuries which are the basis of this suit. Brown and Jackson filed an action in negligence against Merz and her insurer, Cumis Insurance Company. Brown and Jackson also named Cheryl Merz as the defendant-owner of the vehicle driven by her daughter Beth. Beth and Cheryl Merz in turn sued the City of New Orleans, alleging that the accident was proximately caused by the city's failure to maintain the stop sign free from obscurement.
The cases were consolidated, and following trial on the merits, the court rendered the following judgments:
1) Brown & Jackson v. Beth and Cheryl Merz, Cumis Insurance Co.judgment in favor of Brown and Jackson and against Cheryl Merz, Beth Merz, Cumis Insurance Society, Inc. and the City of New Orleans, severally and in solido.
2) Beth Merz and Cheryl Merz vs. City of New Orleansjudgment in favor of both plaintiffs and against the defendant city.
In his reasons for judgment, the trial judge stated that the collision was caused by Merz' negligence in entering Magazine Street, the preferred thoroughfare, without stopping. The court also held the city strictly liable to all injured parties under Article 2317, finding that the obscured stop sign constituted a "defective situation" for which Merz' contributory negligence was not a defense. The City of New Orleans now brings this appeal.
The dispositive issue in this case is whether, as a matter of law, the obstruction of the stop sign by the crepe myrtle tree may be said to be a cause of the collision.
We answered an almost identical question in Pepitone v. State Farm Mutual Auto Insurance Co., 369 So.2d 267 (La.App. 4th Cir.1979). There, the decedent Pepitone was killed at the intersection of Kent and Camphor in Jefferson Parish. The automobile he was driving in a northerly direction on Kent was struck by two cars, one eastbound and one westbound on Camphor. Both streets were two-way, two-lane local streets in a residential neighborhood, and there were stop signs controlling traffic on Kent. The stop sign on the southeast corner, however, was completely obscured *465 from the view of northbound motorists by trees, shrubs, and foliage. The decedent's widow sued the Parish of Jefferson for the wrongful death of her husband, alleging that the Parish's fault in allowing the stop sign to become obscured was the cause of the accident. The trial court granted the defendant's motion for summary judgment. The appellate court affirmed, recognizing that when a parish (or other governmental unit) undertakes control of intersecting streets by installation of signs, the parish thereafter has the duty to maintain the signs so as not to cause traps or undue dangers, citing Lochbaum v. Bowman, 353 So.2d 379 (La.App. 4th Cir.1977). Pepitone further noted that the duty of a motorist who approaches an uncontrolled intersection with a street of equal dignity is to determine that he can make the crossing safely before proceeding into the intersection, citing Soniat v. State Farm Mut. Auto Ins. Co., 340 So.2d 1097 (La.App. 4th Cir. 1976); Gutelius v. Phoenix Ins. Co., 266 So.2d 717 (La.App. 4th Cir.1972), and that, in other words, the motorist must regard such an intersection as having an imaginary yield sign facing him. See also, Peterman v. City of Hammond, 378 So.2d 181 (La.App. 1st Cir.1979). Accordingly, it was held that, as a matter of law, an obstructed stop sign at an intersection of local neighborhood streets of equal dignity does not constitute a trap (or undue danger). Finding no trap, the court therefore found no causal breach of duty to the plaintiffs. Pepitone, supra, at 270.
In Pepitone, it was important to our reasoning that there must exist no factors which might induce a motorist to falsely believe that the street on which he is travelling is superior to the intersecting street, for if he reasonably perceived that the intersection was controlled in his favor, then the motorist certainly would have fallen into a trap. In the case at bar, it is therefore necessary to the City's exculpation under the Pepitone rule that the intersecting streets not only be of equal dignity, but also that they appear to be so to the reasonably cautious driver.
Considering the foregoing analysis, we think the facts of the present case argue even more strongly for exculpating the city than did the facts of Pepitone, for if there can be no trap created where the intersecting streets appear to be of equal dignity, there certainly can be no trap where, from all appearances, the motorist should reasonably conclude that he is on an inferior street. Magazine Street is a major artery, having two lanes of traffic under continuous lighting. Third Street is a subordinate vein; it is narrow, one-way, and not as generously lighted.
We are reminded that the trial court found Merz' negligence in entering the intersection to be a cause of the accident. That finding necessarily implies that, although the stop sign was obscured, the distinction between Magazine and Third Street was observable to a motorist of reasonable caution. That finding of fact is amply supported by the record and therefore will not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Moreover, although Merz contended throughout that she was unfamiliar with the Garden District and that she had never before driven on Third Street, her own testimony proves that she was familiar with Magazine Street in its relation to St. Charles Avenue. This is shown by her friendship with Debbie McCloskey, to whom she at least occasionally offered a ride home from the Jackson Avenue Evangelical Congregation. Thus, whether the church is located on the lake side of Magazine Street or on the river side (its address is not in the record), it is highly unlikely that Merz could have avoided crossing Magazine Street twice on each occasion that she gave her friend a ride home from church, considering that Merz lived in Metairie and that McCloskey lived on the river side of Magazine in the 700 block of Second Street.
Given the trial judge's correct finding that Merz' negligence was a cause of the collision, it follows that in view of Pepitone, we must regard Merz' negligence as the sole legal cause of the accident.
*466 Accordingly, that part of the first judgment (case no. 79-4053, Civil District Court for the Parish of Orleans) which awarded a verdict to plaintiffs Tom Ray Brown and Gwendolyn Jackson against the City of New Orleans is hereby reversed. Similarly, the second judgment (case no. 79-7648, Civil District Court for the Parish of Orleans) which granted Beth and Cheryl Merz recovery against the City of New Orleans is also reversed. In every other respect, the first judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Lobrano, J. is of the opinion the rehearing should be granted.