444 So.2d 672 (1984)
Anthony VICTOR
v.
Thomas SAPORITO and the City of New Orleans.
No. CA-0345.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 1984.
*673 Gilbert R. Buras, Jr., Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendants-appellees.
Carl J. Barbier, New Orleans, for plaintiff-appellant.
Before AUGUSTINE, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment of the trial court finding that the City of New Orleans is not liable for the injuries sustained by the plaintiff in an automobile accident.
Plaintiff was injured in an automobile accident. After settling the law suit against the driver of the other automobile, he went to trial against the City of New Orleans ["City"], alleging that a missing stop sign caused the accident. The trial court found that although the City was strictly liable for the stop sign under Civil Code art. 2317, the damages sustained by the plaintiff did not result from that vice or defect.
The facts of this case are simple. Plaintiff was travelling down a one way street, east bound, at approximately 25 miles per hour. The driver of the other car, Thomas Saporito, was travelling north bound on a one way street at approximately 20 miles per hour. The plaintiff was familiar with the street on which he was driving having driven on that street almost every day. Saporito had moved to the City three weeks before and was unfamiliar with the street upon which he was travelling. The street on which Saporito was driving normally was the controlled street at the intersection. The stop sign, however, was missing. The pole on which it was normally placed had been broken off near the ground. The sign had been wired to a tree on the left side of the street, but was facing so that it was not clearly visible to traffic travelling on the controlled street. As he proceeded through the intersection, Saporito's car struck plaintiff's car.
The plaintiff argued that the City was liable for his and his infant daughter's injuries on the basis of two theories of liability: (1) the City is strictly liable under art. 2317 of the Civil Code, or (2) it is liable under the theory of simple negligence. Because we find that the City was strictly liable for the injuries suffered by the plaintiff, there is no need to determine whether it was simply negligent.
Defendant argues that it is not liable on the basis of Pepitone v. State Farm Mutual Auto Insurance Co., 369 So.2d 267 (La. App. 4th Cir.), writ den. 371 So.2d 1343 (La.1979). Pepitone imposes a duty upon motorists to consider every intersection that they approach uncontrolled until they *674 are able to ascertain otherwise. Unless a trap has been created by a missing stop sign, the municipal, parochial, or state entity responsible for the care of streets and highways is not liable for any accident that may occur at the intersection. Morgan v. Allstate Ins. Co., 393 So.2d 324 (La.App. 1st Cir.1980); see also Wall v. American Employers Ins. Co., 377 So.2d 369 (La. App. 2d Cir.1979), aff'd 386 So.2d 79 (La. 1980).
We, however, find Pepitone to be distinguishable from this case. In Morgan, supra, the court discussed the law that has evolved in situations such as is presented here:
"[A]n examination of the applicable cases reveal two basic situations that arise frequently in the missing stop sign cases. On the one hand there is the situation where the plaintiff is traveling on the road normally controlled by the stop sign. The plaintiff is involved in an intersectional collision and sues the public entity for his damages. The courts have refused to allow recovery in this situation, reasoning that plaintiff's breach of his duty in failing to approach the intersection with due care is the sole proximate cause of the accident. Although the public entity's negligence may well be a cause in fact the courts obviously feel it inequitable to allow a negligent plaintiff to recover in this situation. (citing Pepitone).
"On the other hand, there are situations where the plaintiff is traveling on the superior road and rightfully has the right of way. The defendant is traveling on the inferior road with the missing stop sign and proceeds through the intersection without stopping. As to the innocent plaintiff, courts have been willing to find solidary liability on the part of the negligent driver and the public entity [citation omitted]. The courts reason that if the stop sign had been in its proper place, the driver would have heeded it.
See Wall v. American Employers Ins. Co., supra.
In the present case, plaintiff was traveling on a superior road and would have had the right of way had not the City been negligent. The City, therefore, is liable to plaintiff for damages he suffered as a result of the collision[1].
Because we find that the City is liable for the damages suffered by plaintiff, we, therefore, must now award those damages. After the accident, plaintiff and his daughter were treated at the emergency room of Charity Hospital. Plaintiff testified that he hurt his back and that he had a cut on his head. He also testified that his daughter's head was injured.
Plaintiff was under the treatment of Dr. Renaldo Reyes for a period of several months. He testified that he had lower back pain, dizzy spells, headaches and also trouble with his knee as a result of a blow he received to it during the accident. He testified that at the time of the accident he was earning approximately $250.00 a week and was unable to work for about three or four months following the incident.
Plaintiff's physician testified and his findings supported the statements given by plaintiff.
The total medical expenses as testified to at trial were $971.50. Assuming that plaintiff should be compensated for the three and one-half months which he was unable to work following the accident, his lost wages should be $3,500.00. Based on the testimony contained in the record, we find that a $3,000.00 award for pain and suffering is fair. Plaintiff's daughter, Lashaun Victor, had to be treated later at Ochsner Hospital. She saw the doctor one time. No other testimony was given as to any pain or disability that she may have suffered. Although the child did not testify at trial and was unable to tell anyone about *675 any pain she might be suffering, it is obvious from the circumstances of the accident that she did suffer some pain. We, therefore, find that an award of $250.00 is sufficient.
For the foregoing reasons, the decision of the trial court dismissing the City of New Orleans is reversed. The City is liable to the plaintiff in the amount of $7,721.50.
REVERSED AND RENDERED.
NOTES
[1] Although the other solidary obligee, Saporito, settled, plaintiff's right to proceed against the City was reserved.