446 So.2d 508 (1984)
Alyce McCrary, wife of/and David McCRARY
v.
David K. PERSONS, Space Walk Rentals, Inc. and St. Paul Fire and Marine Insurance Company
v.
CITY OF NEW ORLEANS and Parkway and Park Commission for the City of New Orleans.
No. CA 0507.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1984.
Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, for defendants/third party plaintiffs/appellants.
Salvador Anzelmo, City Atty., Douglas P. Wilson, Chief Deputy City Atty., Avis Marie Russell, Herbert B. Bowers, III, Deputy City Attys., New Orleans, for defendants/third party defendants/appellees.
Before GARRISON, BYRNES and WILLIAMS, JJ.
GARRISON, Judge.
This suit is based on a vehicular collision which occurred on April 30, 1977 between David McCrary, who was traveling westbound on Pressburg Street and David Persons, who was traveling southbound on Hauck Street in a vehicle owned by Space Walk Rentals, Inc. David and Alice McCrary filed suit against Persons, his employer, Space Walk Rentals, Inc., and its insurer, St. Paul Fire and Marine Insurance Company, for injuries sustained in the accident. Mr. and Mrs. McCrary alleged that Persons disregarded a "yield" sign controlling the Hauck Street traffic entering the intersection of Pressburg and Hauck. Defendants denied liability and filed a third party demand against the City of New Orleans and the Parkway and Park Commission alleging that the reason Persons disregarded the "yield" sign was that he was unable to see the sign because it was obscured by a tree limb. Plaintiffs then amended their petition to include the City and the Parkway and Park Commission as defendants.
Defendants Persons, Space Walk and St. Paul settled with plaintiffs prior to trial for the amount of $35,442.75 and became conventionally subrogated to plaintiffs' claim against the third party defendants, City of New Orleans and the Parkway and Park *509 Commission and were substituted as parties plaintiff upon motion of the original plaintiffs. After trial in April, 1982, judgment was rendered in favor of the City and the Parkway and Park Commission. Defendants/plaintiffs in subrogation moved for a new trial. Upon denial of this motion, they filed this appeal.
The issue on appeal is whether the trial court erred in failing to find the City and the Parkway and Park Commission liable for their failure to properly maintain city property, such that the limbs of an untrimmed tree obscured a "yield" sign from motorists' view.
The trial court in its reasons for judgment stated:
"The issue before the Court in this case is whether or not the yield sign for traffic on Hauck Street traveling in a southerly direction at its intersection with Pressburg was obstructed and was a legal causation of the accident that ensued. The Court finds that the yield sign was obstructed by the tree but that this obstruction was not a legal cause in fact of the accident. Rather, the Court finds that the accident was caused by the sole negligence of David Persons in failing to keep a proper lookout and entering the intersection without first ascertaining that it was safe to do so."
In reaching this conclusion, the trial court relied heavily on the case of Pepitone v. State Farm Mutual Automobile Insurance Company, 369 So.2d 267 (La.App. 4th Cir.1979), writ denied 371 So.2d 1343 (La. 1979). In Pepitone, this court (J. Lemmon) held that where a traffic control signal at an intersection is obstructed, the resulting obstruction at most can be regarded as leading a motorist into believing that there is no sign, and, therefore, that the intersection is uncontrolled. This is true only in the absence of other factors which might indicate that the street on which the motorist is traveling is the favored street. The court in Pepitone further stated that the duty of a motorist who approaches an uncontrolled intersection with a street of equal dignity is to determine that he can safely cross before proceeding into the intersection. Therefore, the municipality is under no legal duty to warn motorists approaching every apparently uncontrolled intersection that he cannot enter the intersection.
Based on the reasoning in Pepitone, the trial court concluded that:
"... Mr. Persons was not keeping a proper lookout and that if he had been keeping a proper lookout he would have had ample time to bring his vehicle under control notwithstanding the fact that the yield sign was obstructed from his vision until he was 10 feet from it."
The Pepitone case has recently been distinguished by this court (J. Williams) in the case of Victor v. Saporito, 444 So.2d 672 (La.App. 4th Cir.1984) rehearing pending. The facts of Victor v. Saporito are on point with those of the instant case. In both cases, plaintiff was traveling on the favored street and defendant, who did not heed the traffic sign, entered the intersection and collided with plaintiff. In Victor, the court quoted the law applicable to this situation from the case of Morgan v. Allstate Insurance Company, 393 So.2d 324 (La.App. 1st Cir.1980):
"[A]n examination of the applicable cases reveal two basic situations that arise frequently in the missing stop sign cases. On the one hand there is the situation where the plaintiff is traveling on the road normally controlled by the stop sign. The plaintiff is involved in an intersectional collision and sues the public entity for his damages. The courts have refused to allow recovery in this situation, reasoning that plaintiff's breach of his duty in failing to approach the intersection with due care is the sole proximate cause of the accident. Although the public entity's negligence may well be a cause in fact the courts obviously feel it inequitable to allow a negligent plaintiff to recover in this situation. (citing Pepitone).
"On the other hand, there are situations where the plaintiff is traveling on the superior road and rightfully has the right *510 of way. The defendant is traveling on the inferior road with the missing stop sign and proceeds through the intersection without stopping. As to the innocent plaintiff, courts have been willing to find solidary liability on the part of the negligent driver and the public entity [citation omitted]. The courts reason that if the stop sign had been in its proper place, the driver would have heeded it."
In the instant case, as in the Victor case, plaintiff was traveling on a favored road and would have had the right of way had not the City been negligent. Therefore, we reverse the holding of the trial court and we find that the City and Parkway and Park Commission are strictly liable to the plaintiff under Civil Code Article 2317 for injuries sustained in this intersectional collision.
The medical evidence introduced at trial establishes that the settlement of $35,442.75 received by the McCrary's from defendants/third party plaintiffs-in-subrogation was adequate compensation for their injuries.
For the reasons stated, we reverse the decision of the trial court in favor of the City of New Orleans and the Parkway and Park Commission and we render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiffs, Alyce McCrary, wife of/and David McCrary, and against defendants, City of New Orleans and the Parkway and Park Commission, in solido, in the amount of $35,442.75 (THIRTY-FIVE THOUSAND FOUR HUNDRED FORTY-TWO AND 75/100 DOLLARS) plus legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the original defendants, now plaintiffs-in-subrogation, David K. Persons, Space Walk Rentals, Inc. and St. Paul Fire and Marine Insurance Company, and against Alyce McCrary, wife of/and David McCrary, in accordance with their subrogation agreement, in the amount of $35,442.75 (THIRTY-FIVE THOUSAND FOUR HUNDRED FORTY-TWO AND 75/100 DOLLARS) plus legal interest from date of judicial demand until paid.
All parties shall bear their respective costs.
REVERSED AND RENDERED.