467 So.2d 2 (1985)
Mary BESSARD and Linda Evans
v.
Michael MARCELLO, CNA Insurance Company, Cleve Young, ABC Insurance Company and The City of New Orleans.
Michael V. MARCELLO
v.
Cleve YOUNG, The City of New Orleans and Valley Forge Insurance Company.
Robert BAKER
v.
Michael V. MARCELLO, Valley Forge Insurance Company and The City of New Orleans.
USF & G COMPANY, Edward Heaton
v.
Michael MARCELLO, Cleve Young and The City of New Orleans.
Rosetta HADRICK and Cleve Young
v.
Michael MARCELLO Valley Forge Insurance Company and The City of New Orleans.
Robert L. SANFORD
v.
Michael MARCELLO, Valley Forge Insurance Company, Cleve Young and The City of New Orleans.
Nos. CA-2347 to CA-2352.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Rehearing Denied April 26, 1985.
Writs Denied June 17, 1985.
*3 Philip D. Lorio, III, New Orleans, for appelleeValley Forge Ins. Co.
Salvador Anzelmo, City Atty., Douglas P. Wilson, Chief Dept. City Atty., Herbert B. Bowers, Michael L. Martin, Robert Gisevius, Asst. City Attys., New Orleans, for appellee.
Thomas M. Gereighty, New Orleans, for appellantMary Bressard & Linda Evans.
Salvador M. Cusimano, New Orleans, for appellantMichael Marcello.
Clement F. Perschall, Jr., New Orleans, for appellantRosetta Hadrick.
William J. Guste, III, Joseph B. Landry, New Orleans, for appellantRobert Baker.
William L. Brockman, New Orleans, for appellantEdward Heaton & Parallel Properties.
Margaret A. LeBlanc, New Orleans, for appellantRobert L. Sanford.
Kenneth C. Hughes, New Orleans, for appelleeMichael Marcello & Valley Forge Ins. Co.
Before GULOTTA, BYRNES, and CIACCIO, JJ.
GULOTTA, Judge.
In these consolidated suits arising out of a two-car intersectional collision involving a stop sign obstructed by a tree branch, multiple appeals have resulted from the trial court's judgment finding one driver's negligence the sole cause of the accident. Concluding that both drivers and the City of New Orleans are solidarily liable, we reverse and recast the judgment.
The collision occurred shortly before 2 a.m. on July 18, 1980, in the center of the intersection of Oak and Hillary Streets in New Orleans. At the scene, Oak is a one-way, favored street traversed by Hillary, a two-lane cross street controlled by stop signs. The front of the automobile driven by Cleve Young, riverbound on Oak, broadsided *4 the passenger side of a vehicle driven by Michael Marcello, lakebound on Hillary. Before crossing Oak from Young's left, Marcello had failed to observe a stop sign that was obscured by a tree branch. After impact, Young's car spun around and Marcello's car veered across Oak Street, striking and damaging a corner house.
Mary Bessard and Linda Evans, occupants of the damaged house, filed suit against both drivers, Marcello's liability insurer and the City of New Orleans. The defendants third partied each other. In a separate action, Young and Rosetta Hadrick (owner of the vehicle driven by Young) sued Marcello, his insurer and the City. Marcello also filed an independent action against Young, the City, and his own uninsured motorist carrier, Valley Forge Insurance Company. Robert Baker (Young's guest passenger) sued Marcello and his liability insurer and the City. Other claims by Robert Sanford (Young's other guest passenger), Edwin Heaton and Parallel Properties (owners of the damaged house), and United States Fidelity and Guaranty Company (the property owners' subrogated insurer) were filed against both drivers and the City. The six lawsuits resulting from the accident were consolidated for trial.[1]
After a trial on the liability question only, the trial judge found Young solely negligent and rendered judgment in favor of Marcello, the guest passengers, the owners and occupants of the damaged house, and the subrogated insurer and against Young. He denied all claims brought against the City of New Orleans, Marcello, and Marcello's insurer, and dismissed all third party demands.
In oral reasons for judgment, the judge concluded that the "total proximate full cause of the accident was that of Mr. Cleve Young for not observing the traffic, for not having his lights on, speeding and just about every other act of negligence that you can imagine driving a car at that time of the morning".
Appealing, Young and Hadrick contend the trial court erred in failing to exonerate Young. They argue that Marcello was negligent in failing to yield the right of way to Young, who was traveling on a favored street, and that the City was either primarily or jointly negligent in failing to keep the stop sign free from obstruction or obscurement by the tree branch. In a separate appeal, Robert Baker (Young's guest passenger) likewise argues that Marcello and the City are liable. Robert Sanford (Young's second guest passenger) and the owners and occupants of the damaged home have also appealed, contending that both drivers and the City are solidarily liable. Marcello appeals that portion of the judgment dismissing his claim against his uninsured motorist carrier.

EVIDENCE
Young's version of the accident was that he had been traveling about 20 mph on Oak Street with his lights on, but had not seen the Marcello vehicle until it was halfway into the intersection when it was too late to avoid the collision. His testimony was corroborated by Robert L. Sanford, one of his guest passengers.
Marcello, the second driver, testified that as he approached Oak Street he had applied his brake gently, and thought that it was "funny" or "odd" that there was not a stop sign for him at Oak Street as there had been in the two previous intersections he had just crossed. While moving at a speed of about 8 mph, he looked to the right, to the left and then to the right again for a distance of 45 feet down Oak Street and saw no headlights of any approaching vehicles. He then proceeded across Oak where he was broadsided by Young in the center of the intersection.
The stop sign facing toward Marcello at the Oak Street intersection was covered by a tree branch. A photograph of the sign taken by police shortly after the accident *5 clearly illustrates the almost complete obliteration of it by foliage.
E.J. Chong, the investigating police officer, testified that the light switch in Young's car was in the "off" position after the accident. Further, he stated that based on the intensity of the impact, he made the observation that Young was speeding. The police officer further testified that he had observed the obstruction of the sign by the tree branch some days before the accident and had advised a police dispatcher to get in touch with the appropriate City department to remove the obscurement. Although Officer Chong could not recall exactly when he had first observed the obscurement, he testified that the condition of the foliage obstruction at the time of this accident was approximately the same as when he had reported it earlier.
The deposition of Norman E. Benson, traffic engineer with the City of New Orleans, was stipulated into evidence. This witness stated that the Department of Streets has no routine system of inspecting the stop signs in the City, except for complaints by police officers, citizens or observations of traffic department personnel traveling about the City in the routine course of work. During 1979-80, before the accident on July 18, 1980, Benson had no notations of any complaints of obstruction of the stop sign at Oak and Hillary Streets, although an obstructing bush was removed in 1981.

YOUNG'S NEGLIGENCE
At the outset, we reject Young's argument that he was free from fault. Although it is true he was traveling on the favored street and could reasonably assume that a motorist crossing Oak Street would yield in obedience to stop signs, the evidence, though conflicting, supports the trial judge's conclusions, based on credibility, that Young was traveling at an excessive rate of speed and driving without lights.
Quickly turning now to Hadrick's (owner of the Young vehicle) claim, we conclude that because Young borrowed the car from this plaintiff in the absence of evidence indicating imprudence by Hadrick as a lender, no imputation of Young's negligence to Hadrick can be made. See Macaluso v. Watson, 188 So.2d 178 (La. App. 4th Cir.1966), application denied 249 La. 743, 190 So.2d 910 (1966). Hadrick is therefore entitled to recovery for damages to her automobile.

MARCELLO'S NEGLIGENCE
Regarding Marcello's action, the evidence is undisputed that the stop sign facing Marcello's approach to the intersection was obscured by the tree branch. However, that circumstance did not relieve Marcello of his obligation to yield to the Oak Street right-of-way. See LSA-R.S. 32:121, which provides that when two vehicles approach an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
Furthermore, it is well settled that a street properly designated as a right-of-way does not lose its preferred status merely because the stop sign is obliterated. Burrow v. Commercial Union Assur. Companies, 419 So.2d 479 (La.App. 3rd Cir.1982), writ denied 423 So.2d 1162 (1982); Jenkins v. City of Alexandria, 324 So.2d 924 (La.App. 3rd Cir.1975), writ refused 328 So.2d 105 (La.1976). Marcello admittedly sensed that it was "funny" or "odd" that there was no stop sign at the intersection. Furthermore, he had stopped for two stop signs before coming to the accident intersection. Under the circumstances, he was negligent in failing to come to a complete stop or failing to exercise a greater degree of caution to ascertain that it was safe to cross the favored street.
Although the evidence does support conclusions that Young did not have his lights on and may have been traveling at an excessive rate of speed, the investigating police officer testified that the intersection was illuminated by continuous street lighting. Had Marcello come to a complete stop and more carefully looked down Oak Street *6 to his right, in adherence to his statutory duty, he could have seen the Young vehicle in time to prevent the collision.
Accordingly, we conclude that Marcello's negligence was a concurrent legal cause of the accident.

CITY'S LIABILITY
Undisputed evidence that the stop sign was obliterated by the tree limb, that Marcello failed to stop, that a police officer had observed this foliage obscurement some days prior to the accident and had advised his dispatcher to notify the City to remove it, and that the City failed to systematically inspect the sign leads us to conclude that the obstruction of the stop sign in this case was both a factual and legal cause of the accident.
In two recent intersectional collision cases in this court involving missing or obscured stop or yield signs, under circumstances factually similar to the instant case, we have held the muncipality liable. See McCrary v. Persons, 446 So.2d 508 (La.App. 4th Cir.1984); Victor v. Saporita, 444 So.2d 672 (La.App. 4th Cir.1984). The City's breach of its legal duty to maintain the sign despite constructive notice of the obscurement constitutes legal fault in the instant case, notwithstanding the later negligence of both drivers. See Wall v. American Emp. Ins. Co., 377 So.2d 369 (La.App. 2nd Cir.1979), writ denied 378 So.2d 1383-1384 (La.1980).
Having concluded that the City was negligent in failing to maintain the stop sign after notice, we find no necessity to discuss the issue of LSA-C.C. Art. 2317 strict liability.
Accordingly, the City is solidarily liable with the two drivers for injuries to the innocent guest passengers, the owner of the vehicle driven by Young and the owners and occupants of the neighboring house damaged as a result of the collision. Young and Marcello's claims against each other and the City, however, are barred by their contributory negligence.[2]

LIABILITY OF MARCELLO'S UNINSURED MOTORIST CARRIER
Because Marcello's contributory negligence bars his recovery for personal injuries and property damage, his claim against Valley Forge Insurance Company, for uninsured motorist benefits, is moot. Valley Forge has admitted its status as liability insurer of Marcello.

DECREE
Accordingly, the judgment rendered on September 19, 1983, and appealed in these consolidated cases is reversed and set aside. In view of the posture of the pleadings, judgment is now recast and rendered as follows:
1. Bessard and Evans' suit against Marcello, his liability insurer, Young and the City:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Mary Bessard and Linda Evans and against the City of New Orleans, Cleve Young, Michael Marcello, and Valley Forge Insurance Company, in solido.
2. Marcello's suit against Young, the City and Valley Forge Insurance Company (for uninsured motorist benefits):
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Cleve Young, the City of New Orleans and Valley Forge Insurance Company and against Michael Marcello, dismissing his suit in its entirety.
3. Baker's suit against Marcello, his liability insurer and the City:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert Baker and against Michael Marcello, Valley Forge Insurance Company and *7 the City of New Orleans and Cleve Young, in solido.[3]
4. USF & G Company, Edwin H. Heaton and Parallel Properties' suit against Marcello, Young and the City:
IT IS ORDERED ADJUDGED AND DECREED that there be judgment in favor of USF & G Company, Edwin H. Heaton and Parallel Properties and against the City of New Orleans and Cleve Young in solido for two-thirds of plaintiffs' damages.[4]
5. Hadrick and Young's suit against Marcello and his liability insurer and the City:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Rosetta Hadrick and against Michael Marcello and Valley Forge Insurance Company, the City of New Orleans, and Cleve Young in solido.[5]
IT FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendants Michael Marcello, Valley Forge Insurance Company and the City of New Orleans and against Cleve Young, dismissing his claims in their entirety.
6. Robert Sanford's suit against Marcello and his liability insurer, the City and Young:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert Sanford and against Michael Marcello, Valley Forge Insurance Company, the City of New Orleans and Cleve Young, in solido.
Costs in the entire consolidated matters to be equally divided among Cleve Young, Michael Marcello, and the City of New Orleans.
The matter is remanded to the trial court for further proceedings consistent herewith.
REVERSED, SET ASIDE, RECAST, RENDERED AND REMANDED.
NOTES
[1] The owners of the damaged house and their subrogated insurer later compromised their claims against Marcello, reserving their rights against the City and Young.
[2] The July 18, 1980 accident predates the August 1, 1980 effective date of reenacted LSA-C.C. Art. 2323, introducing comparative negligence concepts to Louisiana law.
[3] Although Baker (Young's guest passenger) did not name Young as a party defendant, Marcello and Valley Forge Insurance Company brought Young into the suit by filing a third party demand against him and the City. In answer to the main and third party demands, the City filed general denials and alleged contributory negligence but filed no third party demands. In view of the concurrent fault of the defendants, and pursuant to our authority under LSA-C.C.P. Art. 2164 to render any judgment which is "just, legal, and proper upon the record on appeal", we cast both drivers and the City solidarily liable to Baker despite the unique posture of the pleadings in this particular suit.
[4] USF & G, Heaton and Parallel Properties' settlement with Marcello (See Footnote 1, supra) reduces by one-third the amount recoverable by plaintiffs against these two remaining solidary obligors. See LSA-C.C. Art. 1803.
[5] In pleadings analogous to those discussed in Footnote 3, supra, Haddrick (the car owner) filed no claim against Young for damage to her vehicle. Marcello and Valley Forge Insurance Company third-partied the City and Young. The City filed no third party demands. Nonetheless, pursuant to our authority under LSA-C. C.P. Art. 2164, we cast Young, Marcello, his insurer and the City solidarily liable for Haddrick's damages.