KLEES, Judge.
This is an appeal from a judgment of the trial court finding the City of New Orleans strictly liable for the death of Aletess Scales arising out of an automobile accident on the night of May 21, 1984.
The vehicular collision occurred at the intersection of Freret and Calhoun Streets in New Orleans. The decedent was driving eastbound on Freret towards downtown. Her minor son, Nick Scales, was a passenger in the car. The driver of the other vehicle, Marco St. John, was proceeding southbound on Calhoun towards the river. As St. John approached the intersection of Calhoun and Freret, the traffic signal fac *1193 ing him was red. However, due to extensive foliage and overhanging trees on Calhoun near the intersection, the traffic light facing him was obscured. St. John failed to see the traffic light and entered the intersection against the red light at the same time that Aletess Scales entered it from Freret on a green light. The two vehicles collided, resulting in the death of Mrs. Scales and injuries to Nick Scales.
Plaintiffs, decedent’s surviving spouse and children, filed suit against Marco St. John, his liability insurer and the City of New Orleans. Subsequently, plaintiffs amended their petition alleging the City was negligent in allowing adjacent foliage to obstruct the view of the semaphore light at this intersection, and in failing to erect a signal to warn motorists of this condition. After settling the law suit against St. John and his insurer, plaintiffs went to trial against the City of New Orleans. The court ruled in favor of plaintiffs and against the City for the sum of $812,388.00. The City appeals this judgment.
Defendant argues that the trial court erred in finding that the obstruction of the semaphore signal was the cause in fact of the intersectional collision. In its reasons for judgment, the court found the City strictly liable to plaintiffs under L.S.A.C.C. article 2317, concluding that the crepe myrtle trees and foliage made it impossible for Marco St. John to see the traffic semaphore.
Article 2317 imposes strict liability upon the custodian of a defective thing which causes injury to another. Under article 2317 the plaintiff has the burden of proving the defect under defendant’s control was a cause in fact of the injury sustained. A cause in fact is a necessary antecedent without which the accident would not have occurred. Schiro v. Travelers Ins. Co., 489 So.2d 315 (La.App. 4th Cir.1986); Dixie Drive It Yourself System, v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962); Becnel v. St. John the Baptist Parish Police Jury, 364 So.2d 1074 (La.App. 4th Cir.1978). A cause in fact (in a negligence case) exists if the negligent conduct is a substantial factor in bringing about the resultant harm. Dixie Drive It Yourself System v. American Beverage Co., supra; Schiro v. Travelers Ins. Co., supra; Becnel v. St. John the Baptist Parish Police Jury, supra.
The evidence in the record supports the trial court’s finding that the obstructed traffic semaphore at the intersection of Freret and Calhoun Streets was a substantial factor in bringing about Mrs. Scales’ death and Nick Scales’ injuries. It is undisputed that defendant is the owner of the crepe myrtle trees lining Calhoun Street and is responsible for their maintenance. Caleb Didriksen, whose house was located at the corner of Freret and Calhoun at the time of the accident, testified that it was difficult to see the traffic semaphore at the intersection because the trees and overgrown foliage along Calhoun Street obscured the face of the semaphore when traveling on Calhoun. He further testified that at the time of the accident there was no “signal ahead” sign on Calhoun Street warning approaching motorists of the traffic signal at the Freret and Calhoun intersection.
Thomas Crane, who resided on Calhoun Street, in the second house from the comer of Freret and Calhoun, testified that there was a constant screeching of brakes at the comer. He stated he often saw drivers approach the intersection and suddenly hit their brakes after realizing there was a traffic light. In an effort to remedy the obvious hazard, Crane sent a letter to the Parkway Commission requesting that they trim the trees. He testified that they came to trim the trees but trimmed the wrong ones.
On appeal, defendant relies primarily on Pepitone v. State Farm Mutual Automobile Ins. Co., 369 So.2d 267 (La.App. 4th Cir.1979) and its progeny, Brown v. Merz, 429 So.2d 463 (La.App. 4th Cir.1983), to argue that the city was not at fault. Pepi-tone and Brown impose a duty upon motorists to consider every intersection that they approach as uncontrolled until they are able to ascertain otherwise.
In Victor v. Saporito, 444 So.2d 672 (La.App. 4th Cir.1984); and McCrary v. *1194 Persons, 446 So.2d 508 (La.App. 4th Cir.1984), we held the City strictly liable under article 2317. The factual circumstances in these cases are very similar to those in the instant case. In both cases, plaintiff was traveling on the favored street and defendant, who did not heed the traffic sign, entered the intersection and collided with plaintiff. Prior to trial, plaintiffs settled with the defendant drivers and later proceeded against the City at trial. The Pepi-tone case was distinguished by this court in the Victor case. This court in McCrary, supra at 509, citing Victor, quoted the law applicable to this situation from the case of Morgan v. Allstate Inc. Co., 393 So.2d 324 (La. App. 1st Cir.1980):
“[A]n examination of the applicable cases reveal two basic situations that arise frequently in the missing stop sign cases. On the one hand there is the situation where the plaintiff is traveling on the road normally controlled by the stop sign. The plaintiff is involved in an intersectional collision and sues the public entity for his damages. The courts have refused to allow recovery in this situation, reasoning that plaintiff’s breach of his duty in failing to approach the intersection with due care is the sole proximate cause of the accident. Although the public entity’s negligence may well be a cause in fact the courts obviously feel it inequitable to allow a negligent plaintiff to recover in this situation. (citing Pepitone).
“On the other hand, there are situations where the plaintiff is traveling on the superior road and rightfully has the right of way. The defendant is traveling on the inferior road with the missing stop sign and proceeds through the intersection without stopping. As to the innocent plaintiff, courts have been willing to find solidary liability on the part of the negligent drivex* and the public entity [citation omitted]. The courts reason that if the stop sign had been in its proper place, the driver would have heeded it.”
In the instant case, as in Victor and McCrary, plaintiff was traveling on a favored road and had the right of way. The City’s breach of its legal duty to maintain the traffic signal, despite constructive notice of the obscurement, constitutes legal fault in the instant case, notwithstanding the later negligence of either driver. Bessard v. Marcello, 467 So.2d 2 (La.App. 4th Cir.1985).
It should also be noted that unless a trap has been created by a missing sign, the municipal, parochial or state entity responsible for the care of the streets and highways is not liable for any accident that may occur at the intersection. Victor v. Saporito, supra; Morgan v. Allstate Ins. Co., supra. The trial court in the instant matter made the factual finding that the overgrown foliage which obscured the traffic light at the intersection of Calhoun and Freret created a “virtual trap” to unsuspecting motorists. On appeal, the trial court’s findings of fact are entitled to great weight and may only be overturned if shown to be clearly erroneous and unsupported by the evidence. Harris v. Pizza Hut of La., Inc., 455 So.2d 1364 (La.1984); Treitler v. American Druggists’ Ins. Co., 474 So.2d 475 (La.App. 4th Cir.1985). St. John testified at trial that he did not remember seeing the traffic light on the night of the accident. Furthermore, he stated that if he had seen a red light he would have stopped. We conclude that his testimony, along with the other testimony in the record, supports the trial court’s finding that the obstructed traffic semaphore constituted a trap and was the legal cause of the accident. The trial court’s finding will not be reversed absent manifest error.
Accordingly, we affirm the trial court’s judgment holding the City of New Orleans strictly liable to plaintiffs in the amount of $812,388.00 for the death of Aletess Scales.
AFFIRMED.