GRISBAUM, Judge.
INTRODUCTION
This appeal relates to an action for damages arising out of an intersectional automobile collision. We affirm.
ISSUE
Whether the trial court erred in its finding that the plaintiffs conduct was the sole legal cause of the accident.
FACTS
The accident from which the plaintiffs’ claims arise occurred at the intersection of Louisiana Highway 636-3 and Louisiana Highway 628, which is under the jurisdiction of the State of Louisiana, Department of Transportation and Development (DOTD). The favored thoroughfare, Highway 628, is a two-lane road which runs east and west; Highway 636-3, the subordinate road, is also a two-lane highway which runs north and south. Where the two roadways intersect, Highway 636-3 is normally controlled by a stop sign; however, at the time of the accident, the stop sign was missing. Additionally, a “stop ahead” sign is located several hundred feet before the intersection and a road sign indicating the junction of Highway 636-3 with Highway 628 is posted in the intersection.
On the rainy afternoon of June 22, 1983, Daisy G. Naquin and her children, plaintiffs-appellants herein, were traveling north on Highway 636-3. Upon reaching the intersection with Highway 628, Mrs. Naquin failed to stop at the intersection and collided with a vehicle traveling east on Highway 628. As a result of this collision, the plaintiff sued, inter alia, the DOTD for injuries sustained in the collision claiming that the “downed stop sign” caused the accident. After trial on the merits, the trial judge found Mrs. Naquin’s conduct to be the sole legal cause of the accident.
LAW
Initially we note that a governmental authority may be held liable under theories of negligence and/or strict liability. La.C.C. arts. 2315, 2317. Under both theories, the plaintiff must prove that (1) the defendant owned or had custody of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; and (3) causation. Additionally, to be liable in negligence, a governmental authority must have had actual or constructive notice that a danger existed. Watson v. Dept. of Transp. & Development, 529 So.2d 427 (La.App. 1st Cir.1988), writ denied, 533 So.2d 361 (La.1988); Ponthier v. City of New Orleans, 496 So.2d 1050 (La.App. 4th Cir.1986), writ denied, 498 So.2d 15 (La.1986).
Additionally, our jurisprudence states that a governmental authority that undertakes control of traffic at an intersection has a duty to maintain the devices installed for traffic control so as not to create traps or undue dangers to motorists using these roads and streets. However, a governing authority does not have a duty to guard against a motorist in entering what appears to be an uncontrolled intersection without determining that it is safe to do so. Watson v. Dept. of Transp. & Development, supra; Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So.2d 267 (La.App. 4th Cir.1979), writ denied, 371 So.2d 1343 (La.1979). The duty of a motorist who approaches an uncontrolled intersection with a street of equal dignity is to determine that he can make the crossing safely before proceeding into the intersection. Furthermore, a motorist approaching an intersection who actually does not have the right-of-way but who was led to believe the intersection is uncontrolled cannot reasonably be said to have been trapped or deluded into the belief that he had an unqualified right-of-way. Pepitone v. State Farm Mut. Auto. Ins. Co., supra at 270.
Moreover, we note that causation is a question of fact; as such, the trial court’s determination of causation is entitled to great weight on review and cannot be disturbed absent manifest error. Alford v. Estate of Zanca, 552 So.2d 7 (La.App. 5th Cir.1989).
*936 ANALYSIS
We agree with the trial court that the “downed stop sign” could not have caused Mrs. Naquin to assume that she had the right-of-way and could not have trapped her into entering the intersection without first ascertaining that it was safe to do so. Mrs. Naquin admitted that she observed the “stop ahead” sign before she reached the intersection and that she saw a “cross-street” as she approached Highway 628. Additionally, the photographs of the intersection reveal that the intersection is clearly visible to an approaching motorist and that Highway 628 appears to be of at least equal dignity with Highway 636-3. Furthermore, the pictures reveal that a “junction” sign indicating the intersection of Highway 636-3 with Highway 628 is posted in the intersection and that the backside of the stop sign controlling southbound traffic on Highway 636-3 is visible from a distance. Under these circumstances, Mrs. Naquin had a duty to keep a proper lookout as she entered the uncontrolled intersection. She admittedly was driving at a relatively slow speed because it was raining and could have safely stopped her car; however, she presumed she had the right-of-way and proceeded into the path of the oncoming vehicle. As a result, she collided with the east-bound car traveling on Highway 628.
In light of the record facts and applying our jurisprudential guidelines, we find there was a reasonable factual basis for the trial court’s conclusion that the “downed stop sign” was not the legal cause of the accident. Rather, Mrs. Naquin’s inattentiveness in proceeding into the intersection without first determining whether it was safe to do so was the sole legal cause of the collision. Accordingly, we do not hold the DOTD liable for the plaintiffs’ damages.
Other issues have been raised which we find either have no merit or need not be addressed in light of our findings that Mrs. Naquin’s actions were the sole legal cause of the accident.
CONCLUSION
For the reasons assigned, the judgment of the trial court is hereby affirmed and all costs of this appeal are to be assessed against the appellant.
AFFIRMED.