BOLIN, Judge.
Frances Carleton Jewell and her husband, David H. Jewell, Jr., filed this suit against Brodie S. Kelly and his liability insurer for damages resulting from an automobile accident which occurred at the intersection of Alexander and East College Streets in the City of Shreveport, Louisiana. By reconventional demand, answer, alternative pleas of contributory negligence and other appropriate pleadings the question of whose fault caused the accident was placed at issue. For oral reasons the trial judge rejected the demands of all parties from which judgment both plaintiffs and defendants appeal.
Alexander is a two-lane hard-surfaced street running generally north and south and is intersected at right angles by East College which likewise is a two-lane hard-surfaced street running generally east and west. There were no stop signs or other signals controlling traffic on either street.
At the time of the accident the streets were dry and visibility good. Prior to the collision Mrs. Jewell was driving a community-owned vehicle north on Alexander Street and Mr. Kelly was driving his automobile east on East College Street. Thus, Mrs. Jewell was approaching the intersection from Mr. Kelly’s right.
*699 We find Mrs. Jewell was driving her car approximately twenty-five miles per hour as she approached the intersection. Before reaching East College Street she reduced her speed and looked to the left and right. Seeing no traffic she proceeded into the intersection where her vehicle struck the right front of Mr. Kelly’s car near the center of the intersection. Mrs. Jewell did not see Mr. Kelly’s vehicle until the impact.
Mr. Kelly, believing he had the right of way, approached and entered the intersection at a speed of approximately twenty-five miles per hour.
In view of the above facts, which we find virtually undisputed, this case warrants the application of La.R.S. 32:121(B) which provides:
“B. When.two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Inasmuch as Mrs. Jewell was approaching from the right on a street of equal dignity Mr. Kelly was obligated under the aforementioned statute to yield the right of way. We find Mrs. Jewell exercised all of the care required of her under our jurisprudence. On the contrary, Mr. Kelly, who by his own admission made practically no observation, was guilty of negligence which was the proximate cause of the accident. See Gorman v. Indemnity Insurance Company of North America (La.App. 2 Cir.1961) 134 So.2d 602; Noonan v. London Guaranty & Accident Company (La.App. 2 Cir.1961) 128 So.2d 918, cert. denied.
Counsel for Kelly and his liability insurer contend the facts of Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962) are practically identical with those in the instant case and therefore that decision should be controlling. It was also contended Smith v. Bor-chers in effect overruled the Gorman and Noonan cases. We do not so construe the Borchers case as it distinguished its holding from the Noonan and Gorman cases on the facts.
Kelly further contends he had preempted the intersection. While it is true the Jewell car struck the Kelly automobile, indicating Kelly arrived at the center of the intersection first, it does not necessarily follow he had thus satisfied the legal requirements of preemption as set forth in our jurisprudence. The right of preemption is not accorded the driver who blindly enters a favored street without regard to oncoming traffic and then attempts to absolve himself of liability because of the mere fact that he was there first. There is an additional requirement that he must have entered the intersection with a reasonable opportunity and expectation of clearing the intersection without impeding the crossing thereof by other vehicles. Sanford v. Thompson (La.App. 1 Cir.1965) 174 So.2d 865.
Mrs. Jewell received personal injuries in the accident which may be generally described as a cracked collarbone on the left side, bruises on both knees and other minor abrasions. She was given emergency first aid treatment in a Shreveport sanitarium immediately following the accident. Thereafter she was treated at regular intervals by a specialist until she was discharged approximately two months after the accident as having reached maximum improvement with little, if any, residual disability. However, she continued to suffer minor discomfort for several months after her physician discharged her. For these injuries we think an award of $2000.00 would be just and reasonable.
Stipulated damages to Mr. Jewell’s automobile amounted to the sum of $630.31. It is undisputed he paid medical expenses for his wife totaling $118.00. He is therefore entitled to a judgment for $748.31.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of David H. Jewell, Jr. and against Brodie S. Kelly *700 and Aetna Casualty and Surety Company in solido in the sum of $748.31 with legal interest thereon from judicial demand until paid. There is further judgment in favor of Mrs. Frances Carleton Jewell and against Brodie S. Kelly and Aetna Casualty and Surety Company in solido in the sum of $2000.00 together with legal interest thereon from judicial demand until paid.
It is further ordered Brodie S. Kelly and Aetna Casualty and Surety Company pay all costs of these proceedings.
Reversed and rendered.