BOLIN, Judge.
This tort action resulted from a collision occurring at the intersection of Dowdell and 79th Streets in Shreveport, Louisiana, between a 1960 Corvair automobile driven by the owner Bobby Von Berry and a 1963 Rambler car owned and driven by R. B. Festervan.
Wanda Joyce Berry, wife of Bobby Von Berry, and their minor son, Bobby Berry, Jr., passengers in the Corvair, were injured in the wreck. For these injuries Mr. Berry, as administrator of the estate of his minor child, and Mrs. Berry, individually, sued Festervan and his insurer, Insurance Company of North America, and Berry’s liability insurer, New York Fire and Marine Underwriters, Inc. Prior to trial New York Fire settled the claims asserted against it by Mrs. Berry and by Mr. Berry on behalf of the minor child and the actions against this defendant were dismissed with full reservation of rights against Festervan and his insurer. Following trial the district judge, for oral reasons, apparently concluded the accident was caused solely by the negligence of Mr. Berry since the demands of Mrs. Berry and those of Mr. Berry as administrator of his minor child were rejected. From this judgment only Mrs. Berry appeals.
The accident occurred during daylight hours near the center of the intersection of Dowdell and 79th Streets. Both streets have two lanes for traffic and are approximately the same width. Dowdell runs generally north and south and 79th east and west. There are no signs or traffic controls indicating that either is the favored street. Immediately preceding the accident Mr. Festervan had entered 79th Street and traveled west approximately two blocks before reaching the intersection. He testified he slowed his vehicle to about 10 miles per hour, glanced to the right and seeing no one in that direction proceeded slowly into the intersection. It was then he first observed the approach from his left of the Corvair traveling north on Dowdell. He was unable to see any distance to his left prior to entering the intersection because of a growth of tall grass, shrubs and small trees on a vacant lot in the southeast corner thereof. He applied his brakes and skidded approximately 30 feet but Festervan’s Rambler struck the Corvair near the center of the intersection. Festervan was familiar with the crossing and said he slowed down because he knew it was a dangerous intersection. Berry was driving his automobile at a speed of approximately 20 miles per hour as he approached the intersection. While there is some conflict in the testimony we conclude he did not appreciably slow the speed of his car before entering the intersection. He did not see the Fester-van vehicle until the collision was imminent and he never applied his brakes.
It is first necessary to determine if Fes-tervan was guilty of negligence which was a proximate cause of the accident.
Since this was an uncontrolled intersection and Festervan was approaching from Berry’s right Festervan was accorded a statutory right of way under La. R.S. 32:121, subd. B:
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
A motorist approaching an uncontrolled intersection from the right is entitled to assume that traffic approaching from his left and reaching the intersection at approximately the same time will yield the right of way to him. The motorist on such favored street can indulge in this assumption until he sees or should see that the motorist approaching from the left has not observed *400 his vehicle or is not going to observe the law. In the case of a blind corner the motorist on the less favored street is obligated to exercise extreme caution and to make careful observation of approaching traffic, particularly from his right, before he enters the intersection. Jewel v. Aetna Casualty and Surety Company, 200 So.2d 697, La.App. 2 Cir. 1967, and cases cited therein.
Applying the foregoing statute and jurisprudence to the facts of the instant case we find the trial court was correct in holding Festervan free of negligence. As he approached the intersection he was proceeding at a reasonable rate of speed under the circumstances and was maintaining an alert lookout as evidenced by the fact that he observed the Berry vehicle as soon as it could be seen around the obstruction in the southeast corner and reacted immediately by applying his brakes and attempting to bring his vehicle to a stop. The sole cause of the accident was Berry’s negligence in failing to yield the right of way as required by statute and in entering the intersection at an excessive rate of speed under the circumstances and without first making a proper observation to ascertain whether or not traffic was approaching from his right.
Berry further contends he had preempted the intersection. From the physical evidence it appears the Corvair automobile was struck on its right side by the front of the Rambler. It does not necessarily follow that Berry had preempted the intersection sufficiently to exonerate him from negligence and establish negligence against Fes-tervan. Under our jurisprudence the right of preemption is not accorded the driver who blindly enters a favored street without regard to oncoming traffic and then attempts to absolve himself of liability because of the mere fact that he was there first. There are additional requirements that he must have regarded the oncoming traffic, appraised the situation and governed himself accordingly; that he must have entered the intersection first and with a reasonable opportunity and expectation of clearing same without impeding the crossing of other vehicles. Sanford v. Thompson, 174 So.2d 865, La.App. 1 Cir. 1965.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.