LeSUEUR, Judge.
The plaintiff, Thomas R. Clogher, was driving south on Mazana Street in New Orleans at approximately 10:20 o’clock p. m. on March 25, 1967, when his vehicle was struck in the right rear at the intersection of Mazant and North Johnson Streets. He filed suit for vehicle damage against the offending driver, Terry Mabile, his father, Alexander J. Mabile, and the Mabile liability insurer, Travelers Insurance Company. At trial, the defendants conceded that Terry Mabile was negligent. The trial court, however, found that Clogher was also negligent and dismissed the suit.
Clogher has appealed. The procedural development of the case makes the question of his contributory negligence the sole issue before this court.
The intersection of Mazant and North Johnson is uncontrolled and the streets are of equal dignity. Mazant is a one-way street running roughly from north to south,, or from Lake Pontchartrain to the Mississippi River. North Johnson is a two-way east-west street. Both streets are paved and both are posted for 20 miles per hour speed limits. Two further facts are significant. First, the house on each of the four corners is unfortunately close to the intersection, severely limiting an approaching motorist’s field of vision. Second, although Mabile was approaching from the right and enjoyed a statutory right-of-way (LSA-R.S, 32:121, subd. B), Clogher could *178 not testify that he slowed or took any overt precaution prior to entering the intersection.
The relevant law is well settled. A motorist approaching an uncontrolled intersection must yield to traffic approaching on his right. Where the intersection is blind, or where visibility is obstructed, he must take care to bring approaching traffic, particularly from his right, under observation before entering the intersection. Berry v. Festervan, La.App., 215 So.2d 398 (2nd Cir. 1968); Jewell v. Aetna Casualty and Surety Co., La.App., 200 So.2d 697 (2nd Cir. 1967).
The plaintiff opposes the thrust of these principles with two arguments. First, he contends that since he had reached the intersection first and was struck in the right rear he had preempted the intersection. We cannot agree. As the court observed in Berry v. Festervan, supra, 215 So.2d at p. 400:
“ * * * Under our jurisprudence the right of preemption is not accorded the driver who blindly enters a favored street without regard to oncoming traffic and then attempts to absolve himself of liability because of the mere fact that he was there first. There are additional requirements that he must have regarded the oncoming traffic, appraised the situation and governed himself accordingly; that he must have entered the intersection first and with a reasonable opportunity and expectation of clearing same without impeding the crossing of other vehicles. * * * ”
Finally, the plaintiff, relying upon our decision in Sun Insurance Office, Ltd. v. Batiste, La.App., 205 So.2d 71 (4th Cir. 1967), argues that as a matter of law Mabile failed to meet the burden of proof by failing to call his three passengers. Again, we cannot agree. In the first place, Sun Insurance Office, Ltd. v. Batiste, supra, dealt with the failure to call the relevant party’s sister, not supposedly disinterested witnesses who were equally available to both parties. Further, there is no showing that these persons had anything to add to the testimony given by others. Under these circumstances, we see no basis for the application of the adverse testimony presumption.
The judgment appealed from is affirmed, at appellant’s cost.
Affirmed.