CULPEPPER, Judge.
This is a companion case to Lewis, et al. v. Pan American Fire & Casualty Company, et al., La.App., 251 So.2d 62, in which a separate judgment is being rendered by us this date. These consolidated cases arise out of an accident which occurred on U.S. Highway 171 just east of the city limits of DeRidder, Louisiana. At that point, the highway runs generally east and west shortly before it curves in a southerly direction toward Lake Charles.
A large tractor-tank trailer rig, owned by the defendant, Sabine Oil Company, driven by the defendant, Arthur Hassler, and insured by the defendant, Pan American Fire & Casualty Company, was proceeding in an easterly direction on the highway toward the curve. The defendant, Charles Evans, whose automobile had been parked parallel to and a few feet from the south side of the highway on a graveled shoulder in front of a fruit stand, attempted to drive *61 onto the paved portion of the highway. He struck the truck, causing the rear of the tractor to spin in a clockwise direction. Hassler was thrown out of the cab. The truck then proceeded driverless through a used car lot adjoining the fruit stand and then struck a house located behind the used car lot.
The plaintiffs in the present suit are Mr. and Mrs. Walter Rice, occupants of the house, who seek damages for personal injuries sustained. The plaintiffs in the companion suit are Jimmy L. Lewis, Robert W. Kenner and Harold Goins, owners of the used car lot and the house, who seek recovery for damages to certain automobiles and to the house.
The district judge found that the accident was caused by the negligence of both drivers and rendered judgment against all defendants. Sabine Oil Company, Arthur Hassler and Pan American Fire & Casualty Company appealed. The defendant, Charles Evans, did not appeal and hence the judgment is final as to him.
It is clear that the defendant, Charles Evans, was negligent. The substantial issue is whether the driver of the truck was also negligent.
There is little dispute as to the facts. Hassler testified he was driving the truck in an easterly direction at a speed of about 30 miles per hour. It was after dark and traffic was heavy due to a high school football game in the area. As he approached the fruit stand located on the right hand side of the highway, he saw the defendant, Evans, walking around the back of his automobile, apparently intending to enter the vehicle. Hassler says he estimated that Evans would open his left front door about the time the truck reached the automobile. Since the automobile was parked within a few feet of the highway, Hassler moved his truck as near the center line as traffic would permit. Hassler testified that his first knowledge of the accident was when the left front of the Evans automobile struck the right rear drive wheels of the tractor. This caused the rear of the tractor to swing out in a clockwise direction. The door on the driver’s side flew open and Hassler fell out onto the highway. The truck then continued driverless across the used car lot and into the house which adjoins the fruit stand.
The only other eyewitness to the accident is Evans. He says he came out of the fruit stand and looked both ways on the highway before entering his automobile. He admits he did not see the truck approaching and that he drove his automobile a distance of 20 to 30 feet onto the highway. Evans does not know what portion of the truck was struck by the left front of his automobile.
Under these' facts, it is clear that the defendant, Evans, was negligent. He entered the highway from a private driveway without stopping and without yielding the right of way to the approaching truck. This is a violation of LSA-R.S. 32:124.
However, we cannot agree with the district judge that the truck driver was also negligent. In his reasons for judgment dictated into the record, the trial judge said: “It is the opinion of the court that the driver of the truck did not keep a proper lookout. He saw the driver of the car before the driver of the car got into his car and rode onto the highway.”
We think the evidence shows clearly that the truck driver was keeping a proper lookout. He saw Evans going around the back of his automobile toward the driver’s seat and even took the precaution of driving as close to the center line as possible in order to give Evans plenty of room to open his door. There is simply no evidence to show that he saw or should have seen, in time to avoid the accident, that Evans was not going to yield the right of way as the law required.
*62 Applicable here is the rule that a motorist traveling on a favored highway can assume that a driver on a less favored highway, or a private driveway, will respect the right of way. And, the motorist on the favored highway is entitled to indulge in this assumption until he sees or should see that the driver on the less favored thoroughfare is not going to yield the right of way. See Denton v. Fontenot, 216 So.2d 310 (3rd Cir. La.App.1968); Berry v. Festervan, La.App., 215 So.2d 398; Vidrine v. Simoneaux, 145 So.2d 400 (3rd Cir. La.App.1962).
Plaintiff’s principal argument is that the truck driver’s testimony is physically impossible. The truck driver testified that he was traveling about 30 miles per hour and was about 50 feet away when he first saw Evans at the rear of his automobile, walking toward the driver’s seat. At 30 miles per hour, the truck would have been going 44 feet per second, and it is not probable that Evans would have been able to get into his automobile, start it forward and drive approximately 30 feet onto the highway in a little over one second. We agree the truck driver must have been more than 50 feet from the automobile when he first observed Evans. But the distance was short since Evans only drove 20 to 30 feet to the point of impact and hit the right rear drive wheels of the truck. In any event, Hassler had a right to assume, until the contrary was apparent, that Evans would obey the law and would not drive onto the highway. There is simply no evidence to show that the truck driver saw or should have seen, in time to avoid the accident, that Evans was going to drive onto the highway in complete disregard of the safety statutes.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it decrees liability on the part of Sabine Oil Company, Inc., Arthur Hassler and Pan American Fire & Casualty Company. Plaintiffs’ suit against these three defendants is dismissed at plaintiffs’ costs. Otherwise, the judgment is sustained. All costs of this appeal are assessed against the plaintiffs appellees.
Reversed in part, affirmed in part.