BOLIN, Judge.
This suit results from an intersectional collision between a 1962 Chevrolet, northbound on Midvale Street, and a 1962 Oldsmobile, westbound on Edgefield Street, in Caddo Parish, Louisiana, outside the corporate limits of Shreveport. At the time of the accident, in August 1968, Ray D. McDonald, Jr., was driving the Chevrolet which was owned by his stepfather, Frank H. Faulkenberry, Jr. The Oldsmobile was being driven by Jack Wesley Gamble, Jr., a minor, but it was owned by his mother, Mrs. Doris Reed Dillman.
Faulkenberry sued for property damage to the Chevrolet and for damages for inconvenience allegedly occasioned by the damage to his car. McDonald sought to recover damages for loss of wages, loss of use of the automobile, and mental anguish. Made defendants were Gamble, Mrs. Dill-man and their insurer, National Emblem Insurance Company. Defendants answered, denying liability, and alternatively pleaded contributory negligence on the part of McDonald. Mrs. Dillman filed a recon- *713 ventional demand seeking to recover $225.-53 for damage to her Oldsmobile; additionally, National Emblem .and Mrs. Dill-man filed a third party demand seeking judgment against McDonald for one-half of any amounts which Faulkenberry might recover against them under the principal demand. For reasons dictated into the transcript of evidence, the trial judge found the accident was caused entirely by the negligence of McDonald, rejected his demands and rendered judgment against him for $225.53 in favor of Mrs. Dillman, plaintiff in reconvention. The demands of third party plaintiffs were also rejected. From judgment signed in conformity with this opinion, plaintiffs appeal and National Emblem and Mrs. Dillman also appeal in order to protect their rights under their third party demand in the event of reversal. For reasons hereinafter expressed we affirm the judgment.
In the vicinity of the accident Midvale Street runs generally north and south and Edgefield east and west. Where these streets intersect there were no traffic signs or signal devices nor was there a parish ordinance designating either street as the right-of-way street. Each driver was operating his vehicle at a lawful and reasonable rate of speed as it entered the intersection but high grass and other green foliage rendered the intersection blind for both drivers. McDonald testified he was familiar with the intersection and there had previously been a stop sign on Edge-field facing westbound traffic where it intersected Midvale but this sign had been destroyed or removed for several months prior to the accident.
Gamble said he was not familiar with the intersection and did not see the McDonald vehicle until it had entered the intersection, at which time he applied his brakes and skidded into the right rear of the McDonald car which had almost cleared the intersection. McDonald testified he never saw the approaching Gamble car until impact.
The lower court concluded the case was governed by Louisiana Revised Statutes 32:121(B) which at the time of the accident provided:
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
The trial judge also found that McDonald had not preempted the intersection, citing as authority Berry v. Festervan (La.App.2d Cir. 1968) 215 So.2d 398. We agree with the finding and reasons of the trial judge. This is a typical case where two vehicles, proceeding at a lawful rate of speed, collide in an uncontrolled intersection. It is apparent to us from the manner in which the collision occurred the cars entered the intersection at approximately the same time and, therefore, the driver of the vehicle approaching from the left had the duty of yielding the right-of-way to the vehicle approaching from the right. The fact that high grass had rendered it more difficult for McDonald to observe Gamble approaching from the right placed a heavier burden upon him to enter the intersection with extreme caution.
The doctrine of preemption is not applicable to the facts of this case for a number of reasons, the principal one being that McDonald had not entered the intersection sufficiently in advance of the car on his right to permit him to cross without requiring an emergency stop by the other vehicle. Entry into an intersection a fraction of a second ahead of another vehicle does not create a preemption.
The amount awarded to Mrs. Dillman, plaintiff in reconvention, for the repair of her automobile has not been questioned on appeal.
The judgment is affirmed at plaintiffs’ cost.