499 So.2d 1212 (1986)
Herbert F. ROBINSON, et al.
v.
JEFFREYS STEEL COMPANY, INC., et al.
No. CA-5315.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Rehearing Denied January 15, 1987.
Writ Denied March 13, 1987.
*1213 J. Nelson Mayer, III, New Orleans, Richard A. Thalheim, Thibodaux, Kenneth J. Berke, New Orleans, for plaintiffs-appellants.
Jesse S. Guillot, New Orleans, for defendant-appellee-The Louisiana Department of Transportation & Development.
Okla Jones, II, City Atty., A. Bowdre Banks, Jr., Asst. City Atty., New Orleans, for defendant-appellee-City of New Orleans.
Before REDMANN, GULOTTA and CIACCIO, JJ.
GULOTTA, Judge.
In this wrongful death accident case resulting from an intersectional collision, plaintiffs appeal from a dismissal of their suit directed against the Louisiana Department of Transportation and Development and the City of New Orleans. We affirm.
The accident occurred on November 6, 1978,[1] at approximately 6:54 p.m. in New Orleans East on Paris Road (La. Hwy. 47) where it intersects with the Intracoastal Canal bridge. At this location, Paris Road is a two-lane highway running north and south with no traffic controls. A concrete island diverts traffic from the bridge entering Paris Road. Traffic diverted north on Paris Road is directed to a lane on the right side of the concrete island and is controlled by a yield sign before merging with northbound Paris traffic. Traffic intending to turn south on Paris is directed to a lane on the left side of the concrete island and is controlled by a stop sign. The up and down ramps at the intersection of Paris Road are separated by two yellow strip lines and reflector pavement markers. (See "Appendix A" attached).
Although plaintiff-driver's initial version of the accident was that he stopped at the stop sign after coming down the ramp, he later stated that he did not notice the sign; however he did stop. Intending to turn left on Paris Road in a southerly direction, he noticed (to his left) a truck traveling north on Paris with its right blinker on. According to the plaintiff-driver, this indicated to him that the truck was going to turn right onto the bridge up-ramp before reaching his (plaintiff-driver's) lane of travel. The *1214 truck did not make the turn, however, and struck the left side of plaintiff-driver's car as he (plaintiff-driver) was negotiating a left turn into the truck's lane of traffic. Plaintiff-driver's mother, passenger Annabell Robinson, was killed.
In his reasons for judgment the trial judge stated:
"The intersection had been in place for years, even prior to 1969. The Court does not find that it was any more hazardous than other intersections. Moreover, the Court finds as a matter of fact that the Plaintiff-driver was familiar with the intersection, having traveled through it on numerous occasions and as recently as the night prior to the accident."
Appealing, plaintiffs claim that the accident was caused by the "improperly signed and defectively designed" intersection thereby causing a dangerous and hazardous condition to exist. Accordingly, plaintiffs contend the trial judge erred when he concluded that the accident resulted from the "sole negligence" of the plaintiff-driver. Plaintiffs finally contend that the trial judge also erred when he permitted the trial to be reopened to allow the testimony of the investigating police officer.

HIGHWAY DESIGN
Robert Lipp, plaintiffs' civil engineering expert, testified that the intersection was designed and constructed sometime between 1967 and 1973. He further related that from that time to the date of the accident there had been no changes in either engineering standards or in the minimum standards adopted by the State. Lipp stated that the obvious deficiencies in the intersection were lack of proper traffic controls (a signal light) and improper channelization of traffic. He further made vague reference to deficiencies in the lack of a median and a defective shoulder area on Paris Road.
In regard to channelization, Lipp stated that the intersection lacked a right turn lane on Paris for northbound Paris traffic intending to turn right to go up the bridge ramp. In Lipp's opinion, had there been such a lane on Paris for the bridge up-ramp traffic, the truck would have been in that lane thereby avoiding "all question of whether he was going to make that right turn at all." These defects, according to Lipp, made the intersection hazardous. He maintained, finally, that the State should bring highways up to safety standards when traffic patterns make those highways unsafe.
Roy T. Gautreaux, defendants' expert in traffic engineering, testified that the channelization at the intersection was not deficient. According to Gautreaux, there is a channelization island which separates the right turn from the left where the right lane is directed into the northbound Paris Road lane and is controlled by a yield sign. He further stated that a double yellow line and raised reflectors placed there call attention to the left-turning motorist coming off the bridge and intending to turn south onto Paris Road that there is possible oncoming traffic. Although Gautreaux agreed that a traffic light at the intersection would reduce the likelihood of a collision, and that there were better ways of handling traffic than a right-angle intersection, he stated that the intersection was not hazardous to traffic either coming off the bridge or traveling on Paris Road. This witness also stated that Paris is also a State roadway and the State is responsible for work on channelization.
The decision whether a condition of a highway actually is a dangerous and hazardous one is factual. Dagnall v. Louisiana Dept. of Highways, 426 So.2d 276 (La.App. 4th Cir.1983), rehearing denied February 24, 1983, writ denied 433 So.2d 160 (La.1983). The Department of Highways is not responsible for every accident which occurs on a state highway, nor is it a guarantor of the safety of the travelers thereon or an insurer against all injury which may occur on the highways. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), rehearing denied December 15, 1980. It is only required to maintain the highway in a reasonably safe condition for motorists using *1215 ordinary care and reasonable prudence. Dagnall v. Louisiana Dept. of Highways, supra. Furthermore, the failure of the State to update its highways to the current standards does not establish the existence of a hazardous defect. Usry v. Louisiana Dept. of Highways, 402 So.2d 240 (La. 1981), writ denied 404 So.2d 1259 (La.1981).
Despite the expert opinion conflict, we cannot conclude that the trial judge erred in not finding that the intersection created a dangerous or hazardous condition.
Finally, we reject plaintiffs' contention that the trial judge erred when he reopened the trial over plaintiffs' objection. The trial judge did not abuse his discretion by reopening the trial to hear this testimony and neither the trial judge nor this appellate panel has placed any significance in that testimony. Accordingly, we find no error.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
*1216 
NOTES
[1] Because the accident occurred before August 1, 1980, comparative negligence does not apply to this case.