530 So.2d 548 (1988)
Harvey MANASCO
v.
Samuel POPLUS, Sr., and the Louisiana Department of Transportation and Development.
No. 88-C-0538.
Supreme Court of Louisiana.
September 12, 1988.
Rehearing Denied October 20, 1988.
William J. Doran, Jr., Norman Sisson, Sharon Lyles, DOTD Office Of General Counsel, Frank Gremillion, Baton Rouge, for applicant.
Robert W. Drouant, Heisler & Wysocki, Maria I. O'Bryne Stephenson, Bryan, Nelson, Allen & Schroeder, New Orleans, for respondents.
MARCUS, Justice.
Harvey Manasco filed suit against Samuel Poplus, Sr. and his insurer, American Southern Insurance Company, to recover *549 damages for injuries he sustained as a result of an automobile accident. Plaintiff added the State of Louisiana, through the Department of Transportation and Development (DOTD), as a defendant by a supplemental and amending petition.
The accident occurred on a rainy day at about 12:00 noon on La 48 (River Road) near its intersection with Alliance Street in Kenner, Louisiana. Poplus was traveling west in his double axle dump truck in order to load it with sand. He had traveled this route several times that day. After Poplus executed a curve in the road, he noticed a stopped vehicle in his lane of travel waiting to turn left into a plant entrance. He first noticed the stopped vehicle from 35 feet or 300 feet away, depending on whether his trial or deposition testimony is correct.[1] He was traveling between 25 and 35 mph. The speed limit was 35 mph. Poplus applied his brakes and his dump truck began sliding on the wet pavement. He testified that when he realized he would be unable to stop before striking the vehicle, he veered to the right. The front bumper of his truck hit a fire hydrant in the ditch next to the shoulder, and the rear of his truck slid left into the eastbound lane striking plaintiff's van.
After trial on the merits, the trial judge rendered judgment in favor of plaintiff and against Poplus and DOTD in the amount of $73,314.42, together with legal interest and costs. He apportioned 75% of the fault to Poplus finding that he failed to apply sufficient braking measures early enough to avoid the accident and disregarded the longer braking distance required because of the wet condition of the highway. He apportioned 25% of the fault to DOTD finding that the shoulder of the highway near the scene of the accident was insufficient to provide for safe deviation from the main traffic lanes and was therefore unreasonably dangerous. The trial judge also found that the unreasonably dangerous condition "interfere[d] with a resolution of the emergency" because it caused defendant "to remain on the highway until he realized he had no alternative but to attempt to use the unusable shoulder" or to strike the vehicle stopped in his lane of travel. The court of appeal affirmed.[2] On DOTD's application, we granted certiorari to review the correctness of that decision.[3]
Plaintiff contends DOTD's negligence in failing to properly maintain the roadway caused the accident and therefore DOTD is liable under La.Civ.Code art. 2315. He also contends DOTD is strictly liable for his injuries under La.Civ.Code art. 2317. Under both articles, liability hinges on whether the defendant has breached his duty to the plaintiff. While the basis for determining the existence of the duty is different in art. 2317 strict liability cases and in ordinary negligence cases, the duty that arises is the same. Kent v. Gulf States Utilities Co., 418 So. 2d 493 (La.1982). DOTD's duty to travelers is to keep the state's highways and their shoulders in a reasonably safe condition. LeBlanc v. State, 419 So.2d 853 (La. 1982); Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). Whether DOTD breached this duty, that is, whether the roadway and shoulders at the scene of the accident were in an unreasonably dangerous condition, will depend upon the particular facts and circumstances of each case. Myers v. State Farm Mut. Auto. Ins. Co., 493 So.2d 1170 (La.1986).
River Road is an undivided two-lane road with a gravel shoulder. It runs beside the Mississippi River levee and evolved from a cowpath. At one time, River Road carried all of the traffic between Baton Rouge and New Orleans. Today, the interstate highway system primarily serves this function and River Road generally services local and commuter traffic. There is no record of the road's construction. In 1919, it was graded, which involves leveling the road to remove ruts and potholes. It was overlaid *550 with 3 inches of asphalt in 1965 and with 2 inches of asphalt in 1975.
Robert Lipp, the expert for plaintiff, testified that the roadway was substandard under the American Association of State Highway Officials Specification and the State of Louisiana Department of Highways Design Standards for Rural Highways.[4] He concluded that "with the highway up to standards, it would've given Mr. Poplus an opportunity to miss the parkedthe vehicle in the middle of the road because of the fact that it could'vethere would be [an] adequate shoulder." Lipp also found the signing to be inadequate. In his opinion, the state should have warned that the road and curve were substandard and that there was a plant entrance approaching. Although Lipp admitted on cross-examination that there were no design standards before 1919, he testified that at some point the state should have brought the highway up to modern standards.
Olin K. Dart, the state's expert, testified that while River Road is substandard by today's standards, at the time "it came out of the system" there were no design standards. He also testified that in view of Poplus' familiarity with the road, the speed he was traveling, and 300 feet of visibility, he had plenty of time to stop without veering right into the ditch. Dart concluded that under these circumstances, the road did not present an unreasonable risk of harm to a reasonably prudent driver within the advisory speed limit. Finally, he testified that the specifications referred to by plaintiff's expert apply to repair and reconstruction of roads and not to overlay projects.
The characteristics of River Road are not unique. Many Louisiana roads are narrow by today's standards and have a gravel shoulder. It would be physically and financially impossible to bring all of the state's roads up to modern standards. Therefore, the failure of DOTD to reconstruct the state's highways to meet modern standards does not establish the existence of a hazardous defect. Myers, 493 So.2d at 1173. At the scene of the accident, the surface of the roadway was in good condition. It was free from ruts and potholes and there was no abrupt dropoff between Poplus' lane of travel and the gravel shoulder. Accordingly, we find tht the stretch of road in question did not present an unreasonable risk of harm and that DOTD did not breach its duty to keep this portion of River Road in a reasonably safe condition.
Moreover, plaintiff has not shown that the substandard condition of the roadway or its shoulder was a cause of the accident. There is no evidence that a rut, pothole, abrupt dropoff, or any other defective condition of the roadway or shoulder caused Poplus to lose control of his vehicle. Poplus was very familiar with River Road because he had traveled on it practically every day for four or five years. He had driven the stretch of roadway in question several times on the day of the accident. Poplus testified that after his vehicle began sliding on the wet road surface, he intentionally veered right. It would be mere speculation to conclude that Poplus would have been able to steer his double axle dump truck around the stopped vehicle even if the shoulder had been in conformity with modern standards. Under these circumstances, we find that the sole cause of the accident was Poplus' failure to maintain proper control of his vehicle. He failed to apply his brakes early enough to avoid the accident in view of the wet condition of the highway.
Accordingly, we find that Poplus was solely at fault. The trial court was clearly wrong in finding otherwise. The court of appeal erred in affirming the trial court's judgment. The judgment against DOTD must be reversed.

*551 DECREE
For the reasons assigned, the judgment of the court of appeal affirming the trial court's judgment is reversed insofar as it apportioned 25% of the fault to the State of Louisiana, through the Department of Transportation and Development. Judgment is rendered in favor of the State of Louisiana, through the Department of Transportation and Development, dismissing it from the suit. The judgment of the court of appeal is amended to cast Samuel Poplus, Sr. for the entire amount of the judgment.
NOTES
[1] At trial, Poplus testified that he first saw the vehicle when he was 35 feet away from it. This testimony was impeached by his deposition testimony in which he stated that he was 300 feet away from the vehicle when he first noticed it.
[2] 520 So.2d 1249 (La.App. 5th Cir.1988).
[3] 521 So.2d 1176 (La.1988).
[4] Specifically, he testified that the traffic lanes were 9 feet and 9 inches in width while the specifications required 11 feet (American Association Standards) or 12 feet (Louisiana Standards); that the width of the curve was 19 feet and 6 inches while the specifications required 26 feet; that the radius of the curve was 260 feet while the specifications required 320 feet; and that there was no stabilized shoulder while the specifications required an 8-foot stabilized shoulder.