BYRNES, Judge.
Eldridge Blanchard appeals the dismissal of his personal injury action against the Louisiana Department of Transportation and Development (DOTD) for injuries incurred in a single-car accident.
On December 20, 1981, Adam Alexander was driving a 1977 Buick in a northerly direction along Louisiana Highway 308 *1050 with Eldridge Blanchard and Earl Brown as guest passengers. The highway generally follows the curves along Bayou La-Fourche. At approximately 3:00 to 3:30 p.m. in Paincourtville in Assumption Parish, Alexander failed to negotiate the second half of a reverse S-shaped curve. The vehicle went off the road onto the shoulder, turned over into a ditch and landed upside down facing in the opposite direction. The driver was killed in the accident; Earl Brown received various injuries, including a broken arm; and Blanchard was initially paralyzed from the waist down and has experienced limited recovery.
Blanchard and Brown sued DOTD. The Louisiana Department of Health and Human Resources intervened, seeking reimbursement for Charity Hospital medical bills for Blanchard and Brown. The trial court dismissed Brown’s claim with prejudice in accordance with La.C.C.P. Art. 1672 when he failed to appear at trial. The Court then dismissed Blanchard’s action, finding that DOTD was not liable for the accident. Blanchard appeals, claiming that the trial court erred in relying on Myers v. State Farm Mutual Auto Ins., 493 So.2d 1170 (La.1986), to conclude that Louisiana Highway 308 did not present an unreasonable risk of harm and that DOTD did not breach its duty to plaintiff. Blanchard avers that his injuries were caused by the combination of a four or five inch drop off between the roadway and the shoulder; the narrowness of the shoulder; and the steep foreslope of the ditch, which created an unreasonable risk of harm.
The record indicates that the gravel roadway was brought into the State Highway System in 1924, was regraveled in 1946 and paved in 1949. Having a width of twenty feet with each lane being ten feet, the blacktop road was repaved in 1975 but not reconstructed. With white lines on the edge and a no passing yellow line down the middle, the width of each driving lane was a few inches over nine feet. At the time of the accident there was a sign posted showing the commencement of the “S” curve with a speed advisory plate indicating a speed limit of 35 miles per hour along the curve.
According to Blanchard’s testimony, he and the driver were familiar with the roadway. Blanchard testified that Alexander was driving approximately 40 miles per hour when he went off the side of the road to avoid some object. Blanchard could not remember what object was in the road and didn’t remember hitting a hole. He also did not remember if there was a curve sign or speed sign. The police accident report indicates that the car traveled 103 feet off the highway before it stopped and estimated that the vehicle was driven at 50 miles per hour. The evidence shows that it was daylight at the time of the accident and the road surface was dry although it was cloudy.
Welman Desire testified that he was traveling south on the roadway in the opposite direction from plaintiff’s vehicle. After he passed Alexander’s vehicle, he heard a noise. Looking through his rearview mirror, Desire saw the Buick flip and turn into the ditch but he did not see anything running across the road nor did he observe the vehicle when it actually left the roadway.
A highway safety expert testified for each party at trial. Duane T. Evans, testifying for Blanchard, found that the shoulder was only one-half to two and one-half feet in width; the shoulder was four to five inches lower than the road surface; and the slope from the shoulder to the ditch was twice as steep at a ratio of one to four in the vicinity of the accident. In Evans’ opinion, the road should have a minimum of four foot shoulders and if there is a greater than one to four foreslope to the ditch, a guardrail is required. He stated that a guardrail would have prevented that particular accident in that the car would have remained upright and would not have gone into the ditch.
Dr. Olin K. Dart, DOTD’s expert, testified that the roadway met the standard guidelines for construction when taken into the state system. Using a ballbank indicator, Dart concluded that the advisory speed of 35 miles per hour was reasonable for that particular curve. He noted that the driver was at the end of the curve, indicat *1051 ing he had perceived it. Dart testified that he measured in three or four places where the car went off the road and found that the shoulder was three and a half to four feet in width. The diagram in the police accident report indicates a shoulder width of one foot three inches.
In his Reasons for Judgment, the trial court referred to the Supreme Court’s holding in Myers, supra, that “the failure of the DOTD to reconstruct the State’s highway to meet modern standards does not establish the existence of a hazardous defect,” at 1173.
The State is not a guarantor of the safety of travelers on State highways nor is it an insurer against all injury which may occur thereon. Robinson v. Jeffreys Steel Co., Inc., 499 So.2d 1212 (La.App. 4th Cir.1986), writ denied, 503 So.2d 17 (La. 1987). The State’s primary responsibility is to maintain the highways in a reasonably safe condition for motorists exercising ordinary care and reasonable prudence. Marziale v. Maney, 529 So.2d 504 (La.App. 4th Cir.1988), writ denied, 533 So.2d 22 (La. 1988). It is not the State’s responsibility to bring all the State’s roads up to modern standards. Manasco v. Poplus, 530 So.2d 548 (La.1988).
Whether DOTD breached its duty, that is, whether the roadway and shoulders at the scene of the accident were in an unreasonably dangerous condition, depends upon the particular facts and circumstances of this case. Id. Additionally, it is the province of the trier of fact to decide how much weight to grant conflicting testimony. Farlow v. Roddy, 478 So.2d 953, 961 (La.App. 5th Cir.1985), aff'd, 493 So.2d 592 (La.1986). Reasonable inferences of fact should not be disturbed upon review. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The trial judge’s finding that the roadway in this case was not unreasonably dangerous is well supported by the evidence. His reliance on Myers is also well placed. The highways in both Myers and the instant ease are similar to roadways across the State. Despite conflicting expert testimony, we cannot conclude that the trial judge erred in finding that the stretch of road did not present an unreasonable risk of harm and that DOTD did not breach its duty to the plaintiff.
For the above reasons, we affirm.
AFFIRMED.