YELVERTON, Judge.
The precise issue presented by this appeal is whether the State of Louisiana, Department of Transportation and Development (DOTD), owed a duty to the deceased, Denise Rivera, in the circumstances of this case. She was killed when she drove from the parking lot of a livestock auction bam and was hit by an eighteen wheeler on U.S. Highway 71 in Natchitoch-es Parish. The duty claimed to have been owed by the DOTD was to prohibit parking on the shoulders of the highway in the vicinity of the private roads leading from the parking lot to the highway. The trial court held that no such duty was owed on the facts of this case. We affirm.
On the afternoon of June 21, 1983, Denise Rivera, 22 years old, drove out of a private driveway from the Farmers-Stock-man Auction in the town of Clarence onto U.S. Highway 71. Patrons of the auction barn had parked their cars and trucks along the shoulder of the highway adjacent to the driveway. The parked vehicles obstructed the view of anyone attempting to enter the highway. Denise entered the highway and was struck and killed by a tractor-trailer.
In a suit filed by and on behalf of Denise’s relatives, various parties were named defendants, and the litigation was disposed of as to all defendants except the DOTD.
At trial plaintiff argued that the absence of no parking signs along the roadway near the auction barn was a cause of the accident. Assuming that it was, the issue is whether the DOTD owed a duty to the deceased to post and enforce no parking signs prohibiting parking on the shoulders of Highway 71 close to the driveways between the auction parking lot and the highway.
DOTD’s duty to travelers is to keep the state’s highways in a reasonably safe condition. Manasco v. Poplus, 530 So.2d 548 (La.1988). Whether DOTD breached this duty, that is, whether the roadway and shoulders at the scene of the accident were in an unreasonably dangerous condition, will depend upon the particular facts and circumstances of each case. Id.
At the scene of this accident, U.S. Highway 71 is twenty seven feet wide with a paved shoulder ten feet wide on either side. An auction had been held at this location once a week for thirty years. Nothing in the record indicates that any accidents had occurred in this location other than the accident which took the life of Denise Rivera. The record shows that Denise was familiar with the area, that she worked part-time at a cafe owned by friends next to the auction barn and had been there, often, and that she was leaving the cafe when she was killed. The traffic conditions existing the day of the accident were similar to conditions which existed on other auction days.
*672 A driver entering a superior highway where the view is obstructed is under a duty to exercise extraordinary caution. Doucas v. Universal Underwriters Insurance Co., 334 So.2d 767 (La.App. 3 Cir.1976). A driver encountering a blind corner is required to use extreme caution and carefully observe oncoming traffic. Clogher v. Travelers Ins. Co., 235 So.2d 176 (La.App. 4 Cir.1970).
There are .many places on streets and highways throughout the state — auction barns are not the only instance — where temporary parking on shoulders is a necessity and a fact of life. Parents on school days park and wait for their children to come out of the schoolhouse. Parking along streets and highways in front of churches on Sundays is often permitted where parking on other days of the week is prohibited. The resulting obstruction of view in these situations adds to the usual hazard of entering a public way from a private drive. In this kind of situation, however, there is no good reason to impose liability on the state. We agree with the trial court that the DOTD did not owe a duty to the deceased to prohibit shoulder parking at this time and place.
For these reasons, the judgment of the trial court is affirmed. Appellant will pay the costs of this appeal.
AFFIRMED.