COVINGTON, Chief Judge,
dissenting in part and concurring in part.
I disagree with the finding of fault against DOTD. The sole cause of this mishap was the conduct of the driver, Facun-dus, who was grossly inattentive and failed to maintain control of his vehicle.
As stated by our supreme court in Myers v. State Farm Mutual Automobile Insurance Company, 493 So.2d 1170 (La.1986), reversing this court’s assessment of fault against DOTD there, Greenwell Springs Road is a rural collector road. Like many other roads in this state, it has narrow shoulders and steep roadside ditches. It would be physically and financially impossible to bring all of the state’s roads up to modern standards. Thus, the failure of DOTD to reconstruct the state’s highways to meet modern standards does not establish the existence of a hazardous defect. This pronouncement was repeated in Manasco v. Poplus, 530 So.2d 548 (La.1988).
I see no validity in the majority’s attempt to distinguish the two-foot shoulder on Greenwell Springs Road in Myers as “better” from the two-foot shoulder on Green-well Springs Road in the case sub judice because of a moderate curve in the roadway. A curve makes no meaningful factual difference here where the speed of the driver and the width or cohesive properties of the roadway itself were not considered to be factors in the accident. Nor does the emphasis on maintenance of the two-foot wide shoulder rather than adequacy of the two-foot wide shoulder sufficiently distance this case from Myers. Driver error and failure to control his vehicle or maintain it within the twelve-foot lane caused this accident. See, Bush v. State of Louisiana, Department of Transportation and Development, 542 So.2d 721 (La.App. 4 Cir. 1989).
I also disagree with reducing the amount of compensation and medical expenses recovered by the intervenor, Wausau Insur-anee Company, who paid workers’ compensation benefits on Holloway’s behalf. I would adhere to the positions taken by our brethren in the Second, Third, and Fourth Circuits and not apply the 1985 amendment to La.R.S. 23:1101 retroactively. Wausau should be entitled to one hundred percent recovery of the benefits it paid.
Finally, I concur in the increase of the general damages award to Holloway from $90,000.00 to $135,000.00.