SCHOTT, Chief Judge.
This accident arose out of an automobile accident at Baronne and Fourth Street in New Orleans. Plaintiff recovered against the City of New Orleans and South Central Bell Telephone Company when the trial court found that a stop sign facing plaintiff was hidden by shrubbery and by a telephone post. Both defendants have appealed.
Both streets are one way streets. Plaintiff approached on Fourth Street. Baronne Street ran from her right to her left. As she crossed Baronne Street plaintiffs vehicle was struck by a truck. There was a stop sign requiring traffic on Fourth Street to stop. The trial court made the following findings:
“... Ms. Conerly testified that she did not see a stop sign at the intersection. She slowed down, looked to left, then to her right and saw only bushes. When she determined that she would not be able to see unless she was in the intersection, she took a gamble, and drove into the intersection where she was struck by Mr. Bocage.”
Both sides argue the legal liability of the City for an obscured stop sign and of the utility company for placing a pole in front of the stop sign, but a careful reading of the trial court’s reasons and the testimony demonstrates that the visability of the stop sign was not the cause of the accident. Plaintiff testified that she came to a “walking stop”, a “rolling stop” before she entered the intersection. She said:
I didn’t see any stop sign whatsoever, and I couldn’t see any cars coming or anything because there was a tremendous amount of foliage and trees and bushes and things at the end that was really blocking the view to see anything, you know, and I had to almost get out into the intersection, so if I felt like if I had to get out that far to see I’d get hit anyway, so I just went ahead. I did come to what they call a walking stop or whatever you call it, I didn’t come to a dead stop, but I did slow up enough that I was trying to see and I couldn’t see anything. So I just proceeded, and when I did, the truck was right there instantly.
Later she testified:
No, as I approached the end of the block I slowed down. I did not come to a dead stop, but I slowed down and I looked because I did not see a stop sign and I was looking. I could not see the traffic, could not see anything that would be coming until I would be out into the street. So I felt it was a gamble I had to take to just go out into the street and cross, because I could not see unless I was out into the street.
Again she said:
They had a lot of vehicles parked all over, I don’t really remember. My main concern was the fact that I could not see down the street to see if anything was coming.
*1043 Obscured or missing stop signs typically contribute to an accident by failing to warn the driver on the unfavored street to exercise caution before crossing the favored street. In such cases, a collision occurs because the driver on the unfavored street enters the intersection with the unwarranted assumption that she has the right-of-way over the other street. This court has consistently held that the driver on the favored street or his passenger, has a cause of action against the City in such cases. Vantrige v. Lloyd’s of Louisiana Ins., 543 So.2d 603 (La.App. 4th in 1989). Bessard v. Marcello, 467 So.2d 2 (La.App. 4th Cir.1985). McCrary v. Persons, 446 So.2d 508 (La.App. 4th Cir.1984) Victor v. Saporito, 444 So.2d 672 (La.App. 4th Cir.1984). Thus, even if this were a typical obscured stop sign case, plaintiff would have no case because she was not on the favored street and therefore had the same duty as she would have at any uncontrolled intersection.
In any event, the present case is not a typical obscured stop sign case at all. According to plaintiff, she did not enter this intersection thinking she had the right of way at all. On the contrary, by trying to see if any traffic was coming up Baronne Street before she entered the intersection she did virtually the same thing as she would have done had she seen the stop sign and come to a full stop. Thereafter she would have tried to see if anything were coming just as she did. And because she could not see if anything was coming, she would have gambled — taken a chance — and had the same accident.
Plaintiff’s dereliction, which was the only cause of the accident, was in entering a blind intersection without ascertaining that it was safe for her to do so. Where an intersection is blind, or where visibility is obstructed, a driver must take care to bring approaching traffic, particularly from the right, under observation before entering the intersection. Clogher v. Travelers Insurance Company, 235 So.2d 176 (La.App. 4th Cir.1970). The driver entering a blind intersection without the right of way is required to exercise a high degree of care. Clements v. Allstate Ins. Co., 383 So.2d 1375 (La.App. 4th Cir.1980). writ denied 385 So.2d 793; Continental Insurance Company v. Duthu, 235 So.2d 182 (La.App. 4th Cir.1970). It is clear from the testimony that plaintiff breached this duty of care when she decided to take a chance without doing everything possible to look around the corner for approaching cars.
Accordingly, the judgment of the trial court is reversed and set aside. There is judgment in favor of defendants, South Central Bell Telephone Company and the City of New Orleans, and against plaintiff, Láveme W. Conerly, dismissing her suit at her cost.
REVERSED AND RENDERED.