FOIL, Judge.
This case arises out of a one-car accident which occurred on August 4, 1985. Plaintiff filed suit for damages for extensive injuries he received in the accident. He claims defendant is liable under the theories of strict liability and/or negligence for its failure to properly maintain the roadway and for failing to provide and maintain a shoulder of adequate width. After a trial on the merits, the trial court rendered judgment in favor of defendant. Plaintiff brings the instant appeal.
After a thorough review and evaluation of the record, we are convinced the reasons assigned by the trial court are correct, and we affirm, adopting its reasons as our own, and attach a copy hereto. All costs are assessed to appellant.
AFFIRMED
17TH Judicial District Court
Parish of Lafourche
State of Louisiana
No. 56,111.
WRITTEN REASONS FOR JUDGMENT
This is a tort suit for damages arising from catastrophic injuries suffered by the *367 plaintiff, Jonathan Galliano, in a one car collision which occurred on August 4, 1985, in Lafourche Parish on Louisiana 308, 4.2 miles north of its intersection with Louisiana Highway 3199. This road borders Bayou Lafourche on its east side. Named as defendant is the State of Louisiana through the Department of Transportation (DOTD).
The plaintiff alleges that the defendant is strictly liable for Galliano’s injuries under La.Civ.Code art. 2317 for failure to properly maintain the roadway, and more particularly, because of the DOTD’s alleged failure to provide and maintain a highway shoulder of adequate width. It is well settled that the State owes a duty to the traveling public to maintain the roadway and the shoulder of a highway in a reasonably safe condition for vehicular use. Sinitere v. Lavergne, 391 So.2d 821 (La.1980); Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987). The issue presented for consideration is whether DOTD is liable to the plaintiff and resolution of the issue hinges upon whether the defendant has breached its duty to the plaintiff by permitting the roadway and shoulders at the scene of the accident to be in an unreasonably dangerous condition.
Immediately prior to the accident, Galli-ano was towing a boat traveling on La. 308 in a northerly direction within the 55 miles per hour posted speed limit. The accident occurred after dark at about 9:30 P.M. At the point of collision, La. 308 is a two lane asphalt roadway marked with a center line and parallel striping along the edge of the paved portion of the road. The road is 22 feet in width with each lane being 11 feet in width. According to the investigating trooper, there is “not much of an improved shoulder” and measurements made following the accident show that the surfaced shoulder is between two and one-half and three feet in width at most, before sloping into a roadside ditch.
The recollection of the plaintiff of the events prior to the collision reflect that Galliano took his eye off the road momentarily to adjust his radio and his vehicle veered off the paved portion of the road into the roadside ditch. According to the investigating officer, the vehicle then proceeded to strike a culvert under a driveway and proceeded some distance before hitting a number of trees. Galliano sustained critical injuries which have left him a paraplegic.
The extent and measure of the duty of the DOTD and its breach thereof largely rests upon an examination of the history of its improvements and the assessment of expert opinions furnished by the respective experts for the plaintiff and defendant. Francis Wyble, the district operations engineer for DOTD, and Bobby Hebert, construction engineer for the DOTD in La-fourche Parish, testified that in 1953 La. 308 was reconstructed with a blacktop 20-foot roadway. Subsequently, in 1977, there was a two foot widening and overlay. While there were no new design features featured in the construction, the evidence does show that there was reinforcement of the area along the edge of the road by the digging of a ditch which was filled with concrete before the overlay of the road was applied. It is the plaintiff’s contention that the state reconstructed the road in 1977 and failed to conform to the standards of the American Association of State Highway Officials (AASHTO) in not providing for at least an eight-foot shoulder. It is argued that had there been a shoulder of that width, it is likely that plaintiff would have been able to regain control of his vehicle and the collision would have been avoided.
Dwayne Evans, who was qualified as plaintiff’s expert, testified that highways are classified for design purposes based primarily on traffic volume and that on that basis La. 308, prior to 1977, was designated as a Class II by the DOTD. He said that there are different criteria for new construction as compared to overlay and that the criteria are determined at the time the improvements to the road are made. Evans testified that an overlay merely resurfaces the existing roadway and does not change the width of the road. He then was of the opinion that the 1977 job was a reconstruction and, therefore, a Class III highway. Among the design criteria required for a Class III highway is that the width should have been 12 feet and a mini *368 mum of an eight-foot shoulder. He said that from his inspection there were two feet of material on each side of the paved portion of the road with a maximum shoulder of two and one-half to three feet in width. He testified that the surface next to the roadway should be relatively smooth wherein he felt that it was deficient in this respect.
Dr. Olin Dart was presented and qualified as an expert in the fields of traffic and highway engineering by the DOTD. He said that the AASHTO standards discussed by Evans apply to new construction and do not apply to overlays. He testified that several factors induced him to believe that the concept of the 1977 project was essentially an overlay not requiring the same criteria appropriate for new or a reconstruction of the road, including a minimum of eight-foot shoulders. He noted these as follows: the design did not call for a new, heavier duty foundation for the road, the road maintained the same 26-foot crown; and the project did not call for any additional right of way.
For the reasons enunciated by Dr. Dart and considering the scope of the work, the court is of the opinion that the 1977 project was an overlay and consequently the DOTD was not required to comply with AASHTO standards for new construction. As stated in Manasco v. Poplus, 530 So.2d 548 (1988), “many Louisiana roads are narrow by today’s standards and have a gravel shoulder. It would be physically and financially impossible to bring all of the state’s roads up to modern standards.” In this case it is evident that the DOTD was trying in 1977 to improve the road without involving the considerable expense of reconstructing the road including the acquisition of additional right of way. Therefore, the failure of DOTD to reconstruct the highway to meet modern standards does not establish the existence of a hazardous defect. Myers v. State Farm Mut. Auto Ins. Co., 493 So.2d 1170 (La.1986), Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987), and Manasco, supra. This court finds that Adams v. Dept. of Transportation & Development, 536 So.2d 476 (La.App. 1st Cir.1988) is not appropriate, although, uniquely, it also involved La. 308 and its adjoining shoulders. In imposing liability on the DOTD, “... the court concluded that DOTD breached its duty to maintain Highway 308 and adjoining shoulders and that the hole in the shoulder constituted an unreasonably dangerous condition ...” In the instant case, there was no hole in the shoulder and significantly no other vehicles were involved; Further, there was no irregularity on the surface of the shoulder which would support Evans’ opinion. This Court believes that Adams, supra, may be readily distinguished and rather, the facts and circumstances in this case are more parallel to those found in the Kyle, supra, case wherein the First Circuit failed to find DOTD liable.
The Court believes that the sole and only cause of this unfortunate accident in which the plaintiff was injured was his failure to keep his eyes on the road and maintain control of his vehicle. The Court does not find that the DOTD breached its duty to the plaintiff and, accordingly, a formal judgment will be signed consistent with the reasons expressed herein, dismissing plaintiff’s suit at his cost.
THUS DONE AND SIGNED this 7th day of June, 1989, at Baton Rouge, Louisiana.
/s/Lewis S. Doherty
Lewis S. Doherty III
Judge ad hoc 17th Judicial District Court