KLIEBERT, Chief Judge.
Oscar Morris and his wife, Theresa Green Morris, filed suit against the State of Louisiana, Department of Transportation and Development (DOTD) for injuries sustained by Mr. Morris in a single vehicle automobile accident on September IB, 1986. By stipulation of the parties, the issues of liability and quantum were bifurcated for trial. After the trial on liability, the trial court awarded judgment in favor of Mr! and Mrs. Morris against DOTD, and allocated 50% fault to the plaintiffs and 50% fault to DOTD. DOTD appeals the judgment. We affirm.
In their brief to this Court, appellees argue that the trial court erred in finding Oscar Morris 50% at fault. This assignment of error seeks to modify, revise or reverse the trial court’s judgment. However, Morris did not appeal the judgment rendered and has failed to answer DOTD’s appeal. A judgment cannot be changed in favor of an appellee who has neither appealed nor answered the appeal of another party. La.C.C.P. Article 2133. Moreover, after reviewing the record, we cannot say the trial court’s conclusion and rulings, including those complained of by plaintiffs, were clearly wrong.
The accident occurred at approximately 1:30 A.M. on September 13, 1986 on Louisiana Highway 44 (River Road) in St. John the Baptist Parish. Oscar Morris was driving his 1984 Datsun automobile with two companions along the two-lane undivided highway. At a certain point along the highway, the Morris vehicle left the paved portion of Louisiana 44, traversed a private driveway, traveled along the slope of a ditch parallel to the highway, struck a culvert, next to a second driveway, and overturned, causing extensive damage to the vehicle and injuries to Mr. Morris.
The trial judge found that Morris, through inadvertence, drove his car off of the roadway onto the shoulder and the wheels of his vehicle hit a “thump” or “bump,” causing him to lose control of the vehicle. The trial judge also found that DOTD breached its duty to maintain an adequate shoulder along River Road at the accident site because of a substantial drop which existed between the road surface of the River Road and the surface of the private driveway which intersected with River Road. In addition, the trial judge found Morris to be 50% at fault for his failure to maintain adequate attention and to operate his vehicle on the road surface of the highway.
In its appeal, DOTD specifies six errors:
(1) the conclusion that there was a defect on the shoulder of the highway which caused the accident;
(2) the factual finding that the Morris vehicle hit the drop-off area which caused Morris to lose control of his vehicle;
(3) the factual finding that the “bump” felt by the driver and passengers of the Morris vehicle was the drop off between the road surface of River Road and the surface of the intersecting driveway;
(4) the factual finding that the Morris vehicle was not completely off the road before the drop off;
(5) the factual finding that Morris would have been able to regain control of his vehicle and return to the roadway, except for the drop off; and
(6) the conclusion that DOTD was 50% at fault.
DOTD has a duty to keep the State’s highways and their shoulders in a reasonably safe condition, Manasco v. Po-plus, 530 So.2d 548 (La.1988); LeBlanc v. State, 419 So.2d 853 (La.1982). This duty encompasses the foreseeable risk that, for any number of reasons,, including simple inadvertence, a motorist might find himself travelling on, or partially on the shoulder. A motorist has the right to assume that a highway shoulder, the function of which is to accommodate motor vehicles intentionally or unintentionally driven thereon, is maintained in a reasonably safe condition. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); LeBlanc v. State, supra. Whether DOTD breached this duty, that is, whether the roadway and shoulders at the scene of the accident were in an unreasonably safe condition, depends upon the facts and circumstances of each case. Myers v. State Farm Mutual Auto. Ins. Co., 493 So.2d 1170 (La.1986).
*776 In this case, the trial judge found that the DOTD breached its duty to maintain an adequate shoulder along Louisiana Highway 44 at the point of the accident.
The plaintiffs vehicle left the roadway of Louisiana 44 at some point before an intersection with a driveway referred to by the witnesses and depicted on various diagrams as the “12 foot driveway.” There was some dispute as to the exact location of the departure by the Morris vehicle from the travel portion of Louisiana 44. Richard Banks, a passenger in the Morris vehicle, testified that the car left the roadway six or seven feet from the 12-foot driveway. Alvin Brown, Jr., the other passenger, testified that the car left the roadway approximately one car length away from the driveway. Henry Champagne, an eyewitness to the accident, testified that the vehicle went off the road twenty-five feet from the driveway and he observed track marks along the road which supported his testimony.
The trial court found that a substantial drop or difference in the elevation between the road surface and the surface of the 12-foot driveway existed at the time of the accident. The exact amount of the drop off was also disputed. Henry Champagne testified that there was a six inch drop off approximately twenty feet along the driveway. Richard Banks testified that the drop off was approximately five or six inches. The drop off was also noticed by the police officer who investigated the accident. A survey performed in 1988 by Willis Taylor, on behalf of the plaintiff, showed a drop off of 4.08 inches along the driveway. A survey performed on behalf of DOTD showed a drop off of three and one-half inches. Based on our review of the record, we cannot say the trial court’s finding of a significant drop off existing at the time of the accident was clearly -wrong.
The trial court further found that the wheels of the Morris vehicle travelled over the drop off which caused Mr. Morris to lose control of the vehicle. This factual finding was based on the testimony of the plaintiff and the two passengers who testified that they felt a “thump” or “bump” as the car was travelling on a portion of the shoulder and that Morris struggled with the steering wheel thereafter as he attempted to regain control of the vehicle.
DOTD disputes the factual finding that the drop off was involved at all in the accident. DOTD points to the police report prepared by Melvin Whittington, the police officer who investigated the accident. Whittington’s original sketch of the accident scene depicted the Morris vehicle completely off of the roadway as it traversed the driveway. At the trial he was asked to draw the path of the ear on the police report diagram of the accident scene. The path drawn by Whittington clearly shows the left tires of the Morris vehicle travelling immediately over the intersection of the edge of the roadway and the driveway. Champagne was also asked to draw the path of the Morris vehicle on an aerial photograph of the accident scene. Although his drawing only depicts the center of the vehicle and not the path of the tires, the Champagne drawing conforms to the drawing prepared at trial by Whittington with regard to the path of the vehicle in relationship to the edge of the roadway.
Both parties offered testimony from experts in traffic engineering and accident reconstruction. Duane Evans, testifying for Morris, accepted the factual basis that the Morris vehicle left the travel lane of Louisiana 44 somewhere between five and twenty-five feet east of the 12-foot private driveway. He concluded that the Morris vehicle hit the area where the driveway was lower than the paved portion of Louisiana 44 which caused him to lose control and prevented him from being able to get back on the roadway.
Joseph Blaschke, testifying for DOTD, concluded that the sole cause of the accident was driver error due to Morris’ inattention in leaving the roadway. He stated that, in his opinion, the right tires of the Morris vehicle left the roadway approximately 100 feet from the driveway and the left tires left the roadway approximately 30 feet from the driveway. In his opinion, the Morris vehicle did not traverse the drop off area and Morris lost control when the vehicle struck an adjacent ditch. He admitted, however, that a drop off over four inches would be significant, that the shoulder depicted in the photographs was in need of maintenance, and that *777 one of the purposes of a shoulder is to provide a driver with an environment in which to recover in the event of difficulty on the roadway.
Maurice Jordan, the district maintenance engineer for DOTD, stated that a shoulder area three inches below the road surface would be scheduled for repair and that a difference of five inches or more would be considered a priority item. He admitted that a drop from the travel surface to the shoulder of three inches or more would constitute a defect or deficiency.
The trial court accepted the conclusions expounded by Mr. Evans, based on the evidence and testimony offered at the trial.
The trial judge in this case had lay and expert testimony that the shoulder along Louisiana 44 in the area of the accident was substandard which was a cause-in-fact of the accident and failed to provide an avenue of recovery for a motorist travelling in that area. The trial court also concluded that Mr. Morris was also at fault in failing to maintain adequate attention and to operate his vehicle on the travel surface of the highway. As testified to by the witnesses, there were no defects in the roadway which would have caused the Morris vehicle to leave the road. We find no manifest error in the trial court’s findings and conclusions and we therefore affirm the judgment.
Appellants to pay all costs.

AFFIRMED.